# Green & Sons *v.* Lineville Drug Co.

## *Assumpsit.*

(Decided April 21, 1910. 52 South. 433.)

1. *Sales; Construction of Contract; Terms of Payment.*—Where a contract of sale is made out on printed form and the blanks for amount of payments are not filled in, but the words, "this is to be delivered at the price of $107 on arrival of goods at Lineville" were written in, the words so written in constituted the only agreement as to payment, and this was not changed by writing in "L. & N. R. R. Co.," as the line of shipment and the words, "Oxford, Ala." as the shipping address.

[Green & Sons v. Lineville Drug Co.]

2. *Sales; Rescission; Countermand.*—A rescission because of the breach by the other party is not a countermand within the meaning of a provision in the contract that the purchaser will not countermand the order.

3. *Same; Right to Rescind; Effect.*—Where the contract of sale made the price payable when the goods arrived at Lineville, a shipment to Oxford with instructions that the goods were to be held there until the buyer paid the price was a violation of the contract giving the purchaser the right to rescind, and having exercised that right, no proposition thereafter made by either party could reinstate the contract unless it was so agreed.

4. *Same; Remedy of Seller; Breach; Evidence.*—Where the action was by the seller of goods on the purchaser's refusal to accept same and one of the buyers testified that he went to the point to which the goods were shipped and found the goods in the depot shipped to "order notify" it was competent for him to state whether he called at the bank for the bill of lading.

5. *Same; Instructions.*—Where the contract of sale of goods made the price payable upon the arrival of the goods at Lineville, and the goods were shipped to Oxford, with instructions to hold until the price was paid, and the buyers rescinded the contract, and the action was by the seller against the purchaser for breach of the contract instructions asserting that if the buyers ordered the goods, and after they were shipped refused to receive them, except at a reduced price, such refusal dispensed with the further necessity of a tender, and the sellers were entitled to recover such damages as resulted therefrom, were improper, since the charges omitted to state that the goods were shipped in accordance with the contract; and for the further reason that after the rescission of the contract the subsequent offer of the buyer to purchase at a reduced price, did not reinstate it.

6. *Same.*—Charges asserting that if the buyers waived all right to countermand their order and the seller shipped the goods, a countermand would not have availed the buyers, and the buyers were liable for damages resulting therefrom to the sellers, were improper as misleading and as instructing the jury to find for the sellers whether they had complied with the terms of their contract or not.

7. *Same; Performance; Delivery to Carrier.*—Where a shipper agrees to deliver the goods to the purchaser at a certain place under a special contract retaining title until the purchase money is paid, the general proposition that a delivery to a carrier is a delivery to the purchaser, who orders goods shipped to him, has no application.

8. *Pleading; General Issue; Form.*—In an action for breach of contract to purchase goods, a plea setting forth "that the allegations of the complaint are untrue" is the proper form for the general issue.

9. *Trial; Argument of Counsel.*—Where counsel after calling attention to the discrepancies in plaintiff's testimony remarked "what monumental liars these plaintiffs are," this was a comment on the evidence and not a statement of a fact outside the evidence, and hence, not improper.

10. *Appeal and Error; Harmless Error; Contradictory Instructions.*
—Where the erroneous instruction is favorable to the party, such
party cannot complain although the instructions are contradictory.

APPEAL from Clay Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by Robert M. Green & Sons against the Line-
ville Drug Company. From a judgment for defendant,
plaintiffs appeal. Affirmed.

For a former report of this case, see 150 Ala. 112,
where the contract was set out. The general issue is in
form as follows: "That the allegations of the complaint
are untrue." The pleas demurred to are also set out in
a former report.

The oral charge of the court is as follows: "Gentle-
men of the jury, this contract requires plaintiffs to deliv-
er the goods at Lineville before they are entitled to re-
cover. If you find that plaintiffs shipped the goods to
Oxford, Ala., and refused to let the defendant have them
without paying $130 in Oxford, Ala., before delivery of
the goods to defendant at Lineville, they breached the
contract and cannot recover in this suit." Charge 13,
referred to, is as follows: "I charge you as a matter of
law that the contract only required the delivery of the
soda fountain and apparatus to defendant at the ship-
ping point, Oxford, Ala., and did not require plaintiffs
to dray said soda fountain and apparatus to Lineville,
as a condition precedent to payment."

The following charges were refused to the plaintiffs:
(2) "I charge you, gentlemen of the jury, that if you
find from the evidence in this case that the defendant
ordered from the plaintiffs a soda fountain and appar-
atus, and agreed to pay $130 therefor, and, after said
fountain and apparatus was shipped by plaintiffs to de-
fendant, that defendant refused to receive the same, ex-
cept at a price of $90.00, said refusal to receive said

soda fountain and apparatus dispensed with the necessity for further tender or delivery, and plaintiffs are entitled to recover such damages as the evidence shows they sustained." (4) "I charge you that, if you find from the evidence in this case that defendant ordered from the plaintiffs a soda fountain and apparatus at a price of $130, and, after the same had been shipped, refused to accept delivery of same, except at a price of $90, that defendant breached said contract, and plaintiffs are entitled to recover all damages proximately resulting therefrom." (5) "I charge you, gentlemen of the jury, that it was not necessary for the soda fountain and apparatus to have been delivered by the plaintiffs for defendant to have become bound to pay for same." (6) "I charge you that the contract of sale of the soda fountain and apparatus was complete, when plaintiffs delivered same to the transportation company, and that a delivery to the carrier by the seller, in accordance with the terms of the contract, or with the specific request of the purchaser, is a delivery to the purchaser and if the purchaser refuses to receive the same that he thereby breaches the contract, and is liable for damages proximately resulting therefrom." (8) "I charge you that, if you find from the evidence in this case that the salesman of the plaintiffs sold a soda fountain and apparatus to the defendant, and that defendant signed a written order to the plaintiffs, stating that defendant waived all rights to countermand, and that afterwards the plaintiffs shipped said soda fountain apparatus to the defendant that a countermand would not avail defendant, and defendant is liable for all damages proximately resulting from the giving of said order and the shipment of said soda fountain, and apparatus, suffered by plaintiffs." (10) "If you find from the evidence in this case that the defendant waived

all right to countermand the order for the soda fountain and apparatus which forms the foundation of this suit, and that the defendant countermanded said order after the fountain and apparatus were shipped, then defendant breached the contract, and plaintiffs are entitled to recover all damages proximately flowing from said breach.

WALTER S. SMITH, for appellant. The proper form for the general issue in this character of action is not guilty.—Sec. 5331, Code 1907. A plea purporting to answer the whole complaint must answer every material part thereof, otherwise, it is bad.—*White v. Yarbrough,* 16 Ala. 109; *Wilkinson v. Mosely,* 30 Ala. 562; *1st Nat. Bank v. 1st Nat. Bank,* 116 Ala. 535. The court erred in not excluding comments of counsel on the plaintiff.— *Florence C. & I. Co. v. Fields,* 104 Ala. 471. Charge 2 should have been given.—*Sliecher v. Mtg. L. Co.,* 114 Ala. 228. Charge 5 should have been given.—*Mtg. F. Co. v. Hardaway,* 104 Ala. 115; *Pilgreen v. The State,* 71 Ala. 368. Charge 6 should have been given.—*Pilgreen v. The State, supra; Brandon P. Co. v. Bostick,* 126 Ala. 253; 97 N. W. 321. The court should have given charges 8 and 10.—*Fulton v. Sword M. Co.,* 40 So. 394.

E. J. GARRISON, for appellee. In view of the contract defendant's pleas were good.—*Green & Sons v. Lineville D. Co.,* 150 Ala. 112. The court did not err in refusing to exclude remarks of counsel.—Enc. P. & P. 715. Counsel discusses refused charges, but without citation of authority.

SIMPSON, J.—This is an action by the appellants against the appellee, claiming damages for the breach of a contract by which the plaintiffs agreed to ship a soda

fountain, etc., to the defendant, to be paid for on delivery; and it is alleged that the defendant countermanded the order after the goods were shipped, contrary to the express terms of the contract, that it also refused to receive and pay for the goods, etc.

This case was before this court at a previous term. —*Green & Sons v. Lineville Drug Co.,* 150 Ala. 112, 43 South. 216, 124 Am. St. Rep. 17.

It is true, as contended by the appellants, that this court has held that where a party signs a written contract, specifying that there is no verbal agreement, aside from the order, the written contract expresses the agreement, and the principal is not bound by verbal· statements made by the salesman, unless he is informed of the same before shipment (*Fulton v. Sword Medicine Co.,* 145 Ala. 331, 40 South. 393); and in this case we will take the written order as the contract between the parties. When this case was here before, the court expressed some doubt about the proper construction of it, because it was evidently written by filling out a form, and the record did not show what part of it was printed, and what part written, but said that "the shipment of the goods in such way that the plaintiff could not get possession of them, until he paid the stipulated price in Oxford, was evidently not in compliance with the terms of the contract."—Page 118 of 150 Ala., page 218 of 43 South. (124 Am. St. Rep. 17).

As the case now comes before the court, those parts of the contract which were in writing are identified by being in red ink, and in print are the words, "Terms and conditions: $_____ paid on signing hereof; $_____ upon receipt of _____." And in writing, immediately following, are the words, "This is to be delivered at this price $130.00 on arrival of goods at Lineville." And then follow the printed words, "until the

total sum of $_____ is paid." Then follow other printed words about settlement by notes, etc.

It is evident that the parties wrote into the contract the only agreement as to payment, which was that the goods were to be paid for when delivered at Lineville. This is not changed by the memorandum at the close of the contract, opposite the printed words: "State by what line to ship, if any special one is preferred; Ship via"—the written letters, "L. & N. Ry.," and opposite the printed words, "Shipping address to," the written words, "Oxford, Ala., Lineville Drug Co." The goods were shipped to the plaintiffs themselves, at Oxford, Ala., with bill of lading which was sent to a bank in Oxford, with instructions to deliver the goods to the defendant on payment of the purchase price, $130, less the amount of freight to that point. The defendant wrote to the plaintiffs, calling attention to the terms of the contract, and stating that, as the season was already so far advanced, and it would take some time to adjust the matter, the goods would not be received at all, and thereon ensued a spicy correspondence.

The form of the pea of the general issue was proper; this being an action on the contract.

While it is true that a party may, in his contract of purchase, make a valid agreement not to countermand the order, yet a rescission of the contract because of a breach, on the part of the other contracting party, is not a "countermand," within the meaning of that expression.

When the plaintiffs shipped the goods to Oxford, with instructions that they were to be held there until defendant paid the purchase price, that was a violation of their contract, and the defendant had a right to rescind the contract, and, having done so, was not longer liable on it. The contract was then at an end, and

any propositions thereafter, made by either side, could not reinstate the contract unless it was so agreed.

From what has been said, it is evident that there was no error in the court's ruling overruling the demurrers to the pleas.

While Wyath J. Greene, a member of the defendant firm, was on the stand as a witness, after stating that he had gone to Oxford, and found the goods in the depot there, shipped to Robert Green & Sons, with bill of lading attached, or with notice to get the same at the bank, on payment of $130, he was asked to state whether he called at the bank for the bill of lading. There was no error in overruling the objection to this question and the motion to exclude the answer. Under the circumstances, the only proper thing for the defendant to do was to go to the bank and ascertain what the condition of delivery of the goods were. The bank was made the agent of the plaintiff for that purpose.

Defendant's counsel, after calling attention to discrepancies in plaintiff's testimony, remarked, "What monumental liars these plaintiffs are!" While we do not approve of such language, yet it was a comment on the evidence, and not a statement of a fact in evidence, and does not come within the rule requiring the court to exclude improper remarks.—*L. & N. R. R. Co. v. York,* 128 Ala. 306, 311, 30 South. 676; *Davis v. Alexander City,* 137 Ala. 206, 210, 33 South. 863; *Brown v. Johnston Bros.,* 135 Ala. 609, 613, 33 South. 683; *Florence Cotton & I. Co. v. Field,* 104 Ala. 472, 480, 16 South. 538.

That part of the court's oral charge excepted to is without error, in accordance with the construction we have given the contract, and if charge 13, given at the request of the plaintiff, is contradictory thereto, the appellants cannot complain of it, as it was in their favor.

There was no error in .the refusal to give charge 2, requested by the plaintiffs. The charge. is misleading, and omits to state that the goods were shipped in accordance with the contract. After the defendant had, in accordance with its contractual rights, refused to receive the goods, its subsequent offer to purchase the goods at a reduced price did not reinstate the contract.

Charge 4, requested by the plaintiffs, was properly refused, for the same reasons.

There was no error in the refusal to give charge 5, requested by the plaintiffs, as it is not in accordance with the interpretation we have given to the contract.

There was no error in the refusal to give charge 6, requested by the plaintiffs. While it is a correct general proposition that, where one party orders goods to be shipped to him, a delivery to the carrier is a delivery to the purchaser, yet that principle does not apply where there is a special contract, whereby the shipper agrees to deliver the goods to the purchaser at a certain place, and retains the title until the purchase money is paid at the point of delivery.

Charge 8 and 10, requested by the plaintiffs, were properly refused. They are misleading, and instruct the jury to find for the plaintiffs whether the plaintiffs had or had not complied with all the terms of the contract on their part.

As heretofore explained, a mere countermand, and a countermand based on a breach of the contract by the other party, are two entirely different matters.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.