(117 So. 608)

### BAUGHN v. STATE. (6 Div. 314.)

Court of Appeals of Alabama. June 19, 1928.

J. J. Curtis and J. M. Pennington, both of Jasper, and Leo H. Pou, of Mobile, for appellant.

518

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. ▮ The defendant's demurrer to the first count of the complaint was properly overruled. Pendley v. State, ante, p. 462, 116 So. 809.

In Ward v. State, 28 Ala. 53, it was held that in impeaching a witness the inquiry is not limited to general character for truth, but bad character generally may be proved as a fact going to his credibility. This ruling has been consistently followed since that time. Wise v. State, 19 Ala. App. 245, 96 So. 724; Wilson v. State, 20 Ala. App. 141, 101 So. 417. In this case there was much testimony impeaching the general bad character of the two principal state's witnesses. This affected their credibility as witnesses, and the defendant was entitled to the instruction as requested in his refused charge 11, and its refusal was error. 28 R. C. L. 657, § 242.

The defendant in his brief under proposition III insists that the court erred in refusing to give at the request of defendant a charge which is there copied. Upon investigation we find no such refused charge in the record, but we do find that this exact charge numbered 17 is marked given and signed by the judge. We do not think that counsel have intentionally attempted to mislead this court, but errors of this nature might tend to lead the court into error, if the brief is relied on for a true statement of the exceptions reserved as we might do in the absence of a brief from the Attorney General.

The excerpt from the argument of the solicitor to which exception was reserved, while inelegant and unparliamentary, is not such as will authorize a reversal.

For the error pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.