(126 So. 178)

**JONES v. STATE.  (8 Div. 64.)**

Court of Appeals of Alabama.  Feb. 11, 1930.

H. H. Hamilton, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. ■ The corpus delicti was proven under all three counts, i. e. the storehouse was burglarized, goods of the value of more than $5 stolen therefrom, the goods or merchandise so stolen were, with a knowledge that they were stolen, concealed. It will therefore not be necessary to pass upon the various questions raised in making this proof. Where a fact is undisputed, error in admitting evidence bearing alone on that point would be held to be error without injury.

■ The questions of moment in this appeal revolve around the culpability of this defendant, who by his plea denies each and every allegation of the indictment, thereby placing on the state the burden of proving such allegation by *legal* evidence beyond a reasonable doubt.

■ This defendant was indicted with two others, Tillman and Ted Smelser. A severance was demanded and this defendant is alone on trial. After proof of the corpus delicti the state offered as a witness Pearl Smelser, wife of Ted, who gave testimony tending to incriminate this defendant. During the examination of this witness she admitted that she aided and abetted in the concealing of the stolen goods knowing them to have been stolen. This made Pearl an accom-

plice upon whose uncorroborated testimony a conviction cannot be allowed to stand. Code 1923, § 5635; Morris v. State, 17 Ala. App. 126, 82 So. 574.

We have carefully examined this record, and while there is much evidence tending to impeach certain testimony of defendant's witnesses, the reflex influence of which was to impress the jury of defendant's guilt, none of this testimony could be legally considered by the jury on the question of the guilt vel non of the defendant, and none of it was legally corroborative of the testimony of the witness Pearl Smelser. "Corroborate" means to strengthen; to make stronger. To strengthen, not the proof of any particular fact of which the witness has testified, but to strengthen the probative criminating force of the testimony of the accomplice, tending to connect the defendant with the commission of the offense. Malachi v. State, 89 Ala. 134, 8 So. 104; Segars v. State, 19 Ala. App. 407, 97 So. 747. We find no such corroborating evidence in this record.

There was much testimony introduced by the state tending to prove statements and confessions of the two Smelsers made after the crime had been committed and all in the absence of this defendant. These admissions and confessions, made after the commission of the crime and not in the presence of defendant, were inadmissible as against this defendant, and should have been limited by the court to predicates carefully laid and for the sole purpose of impeaching the testimony of the witnesses to whom the predicates were laid. Lancaster v. State, 21 Ala. App. 140, 106 So. 609; Everage v. State, 113 Ala. 102, 21 So. 404.

All of the testimony relating to admissions and confessions by Tillman and Ted Smelser, not included in predicates laid to them, was hearsay and should not have been admitted.

The testimony of Pearl Smelser was thoroughly impeached by contradictory statements admittedly made by her and on account of relationship, interest, and bias; but this fact does not have the effect of nullifying her testimony. The jury takes her testimony in connection with all of the impeaching facts, and then, after due consideration, gives to it just such weight as they think it is entitled to. It is the failure of corroboration that renders this testimony insufficient to sustain a conviction.

The defendant was entitled to the general affirmative charge, and the court committed error in refusing it as requested because of a failure of corroboration of Pearl Smelser, who was an admitted accomplice.

For the errors indicated, the judgment is reversed and the cause is remanded.

Reversed and remanded.