5 So.2d 648

## SMITH v. STATE.

### 7 Div. 639.

Court of Appeals of Alabama.
Jan. 13, 1942.

E. L. Roberts and Motley & Motley, all of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

**SIMPSON, Judge.**

This appeal is from a conviction for the illicit manufacture of whiskey and the possession of a still for that purpose.

The evidence as to the guilt of the defendant being in sharp conflict, a jury question was presented.

There are two questions, raised upon trial and argued here by able counsel for appellant, and indeed the only ones, meriting consideration. The first relates to supplying deficiencies in the number of regular jurors by the drawing of talesmen. The other deals with the refusal of the trial court to allow proof that the sheriff, not a witness in the case, was entitled to the statutory reward provided in such cases in event of conviction. We treat them in the order mentioned.

The bill of exceptions recites: "Upon the call of this cause for trial, it was ascertained that there was not a full jury present or the number being less than that required by law, the court called for, unlocked and opened the box containing the names of jurors in Calhoun County, and withdrew therefrom two or more handfuls of cards, and, after looking them over, he selected the desired number of jurors to be called and had such names placed on the list of jurors for the trial of this cause. The court did not draw the names of jurors from the hat one at a time, but removed two or more handfuls and examined them, placing some on the jury list and returning the remainder to the jury box."

By proper pleading, objection and exception, the defendant sought to challenge this method of drawing talesmen. It is insisted by counsel that the slips containing the names of the jurors to be summoned as talesmen should have been drawn from the box one by one instead of as indicated above.

The manner of supplying such a deficiency in the jury list is prescribed in Title 30, Section 62, Code 1940. The pertinent part of the statute is: "If, for any cause, the regular number of jurors competent to · try the defendant is reduced below twenty-four in non-capital felonies and eighteen in misdemeanor cases, the court must cause twice the number of the deficiency who live within five 'miles of the courthouse, or who live within the corporate limits of any city of ten thousand or more inhabitants in which the court is held, to be drawn and summoned and the names of those appearing, who are competent to try the defendant must be placed on the list of regular jurors for that week."

It is our conclusion that the bill of exceptions fails to disclose non-performance by the trial court of the requirements of the statute. No discrimination in the selection of the talesmen is made to appear nor do we perceive any other irregularity in the method employed by the court in drawing them. The statute does not require them to be drawn from the box singularly but merely that the shortage be filled by drawing twice the number of the deficiency from jurors who live within the prescribed radius.

Appellant relies upon Doss v. State, 23 Ala.App. 168, 123 So. 237, as supporting argument to declare error in the manner of the drawing of the talesmen, but we think learned counsel have failed to properly distinguish the facts in the respective cases as well as the two sections of the statute respectively regulating the "selection" of grand jurors and the drawing of talesmen. In the Doss case, it was made to appear that the trial judge wholly disregarded the statute as to the selection of the grand jury, resulting in an unlawful manipulation of the jury slips. In the instant case, no such misconduct appears, but to the contrary the statute as to the drawing of talesmen seems to have been followed. It does not appear that the court in any way manipulated the slips, or discriminated between the respec-

tive talesmen slips drawn from the box. From aught appearing, he acted with entire impartiality (35 C.J. p. 295, Section 277(5) and in accordance with the statute. ·He was vested with a certain discretion in the matter, namely of selecting jurors competent to try the case who lived within the radius prescribed in the statute.

■ Our position is reenforced by a review of the historical background (the common law procedure) of the drawing of talesmen. At common law, when there was an exhaustion of a jury panel by challenge or otherwise, the deficiency was supplied by a tales. de circumstantibus to the sheriff to summon additional jurors from bystanders or persons actually present in the courtroom. They need not, however, have been accidentally present, but may have been present by previous procurement of the court or sheriff; nor was it necessary for them to have been actually present at the time the order for summoning them was made; and if the jury could not be completed from bystanders recourse might be had to other persons not within the presence of the court. 35 C.J. 294, Section 272; 31 Am.Jur. p. 607, Section 72. Thus was the informal method at common law for the summoning of talesmen. Presumably to correct certain obvious defects in the system, the statute, supra, was enacted requiring the drawing of talesmen from the jury box. In view of the historical background of the act and the informality originally characterizing the summoning of talesmen as contradistinguished from the strict formality required in the drawing and summoning of other jurors, we think it unwarrantable to read into the Alabama act the requirement that the talesmen should be drawn from the box singularly.

In such cases—the statute being silent as to the manner of drawing—the criterion seems to be that the method merely insure a fair and impartial drawing of the additional jurors. State v. Kelly, 100 Conn. 727, 125 A. 95; 35 C.J. 295, Section 277.

The following quotation from Corpus Juris (35 C.J. p. 297, Section 283) tends to emphasize the correctness of our conclusion: "The names of additional jurors summoned for the term to supply vacancies in the regular panel should be * * * drawn in the same manner as the regular panel, but this is not necessary in the case of additional jurors summoned to complete a jury in a particular case. * * * And if the statute is silent as to the manner in

which jurors are to be drawn it is sufficient if the drawing is fortuitous."

Therefore, there appearing no departure from or irregularity in complying with the statute, and no unfairness or prejudice to the defendant in the drawing of the talesmen, we view this insistence of error as without merit.

■ As to the second question, viz. the refusal of the trial court to allow proof as to the statutory reward accruing to the sheriff (not a witness), we also hold that no prejudice to the defendant appears.

State's witness Sorrell was a deputy sheriff employed "on a salary basis", presumably paid by the county. Upon cross examination the following questions were propounded to him by appellant: "How much would the Sheriff's Office get if this man was convicted?" * * "Do you know how much the Sheriff gets out of it if this man is convicted?"

Due exceptions were reserved to the ruling of the court in sustaining objections of the State to these questions.

■ It is of course the law, as cited in brief by appellant (Ex parte Ford, 213 Ala. 410, 104 So. 840; Lock v. State, 21 Ala. App. 81, 105 So. 431; Fetner v. State, 22 Ala.App. 128, 113 So. 467), that the pecuniary interest which a witness may have in the outcome of the trial is admissible to be considered by the jury in weighing his testimony. Weaver v. State, 17 Ala.App. 506, 86 So. 179; Beverly v. State, 27 Ala.App. 374, 173 So. 397.

■ Likewise, as a general proposition anything which tends to show interest or inclines a witness to swear against a party is relevant and wide latitude in cross examination is allowed for this purpose. Sowell v. State, ante, p. 18, 199 So. 900.

■ Nevertheless, the extent to which a witness may be so cross examined rests largely within the sound discretion of the trial court, and unless there be an unreasonable abuse of that discretion to the prejudice of the defendant the court will not be placed in error in its rulings in regard thereto. Ala. Digest, Vol. 19, Witnesses ☞372 (1); Raper et al. v. State, ante, p. 302, 4 So.2d 657; Ex parte State, 199 Ala. 255, 256, 74 So. 366; 70 C.J. p. 966, Section 1170.

Applying these principles, we think it obvious that the tendency which the attempted evidence would have had as bear-

ing upon the interest or bias of the witness Sorrell would have been most remote, if not irrelevant, and the trial court soundly exercised its discretion in disallowing it.

As a final effort to prove that the sheriff—though not a witness in the case and not having been shown to have had any knowledge of the transaction involved—was entitled to receive the statutory reward in event of conviction, appellant offered the sheriff as his own witness for this purpose. The court very properly refused to permit such evidence. Such proof by the defendant's own witness was patently irrevelant and under no principle of law could it have been allowed.

Careful consideration has been accorded the entire case as well as the insistences of able counsel for appellant, but we are persuaded that the trial was free of prejudicial error. The judgment is accordingly affirmed.

Affirmed.