14 So.2d 168

### McSHERIDAN v. CITY OF TALLADEGA.
7 Div. 699.

Court of Appeals of Alabama.
June 15, 1943.

Rutherford Lapsley, of Anniston, for appellant.

Knox, Dixon, Dixon & Wooten, of Talladega, for appellee.

**SIMPSON, Judge.**

This appeal is from a conviction in the circuit court of violating the prohibition ordinance of the City of Talladega, proscribing the sale and possession of alcoholic beverages.

Two propositions are here urged for revision. It is contended (1) that the evidence was insufficient to warrant a conviction, and (2) that error is manifest in the refusal of the trial court to permit a prosecuting witness (Holmes) to be cross examined regarding his knowledge of a purported damage suit by the defendant against said city. We treat the two questions in order.

Appellee's brief sufficiently relates the facts presented to establish the corpus delicti, to-wit: "While Appellant was at his house inside the City limits of the City of Talladega, Alabama, on or about February 7, 1942, an automobile drove up in front of said house and some person in said automobile called out to the Appellant, asking whether or not he had any whiskey. Appellant's answer was: 'Yes, but I am so damned drunk I don't know whether I can find it or not.' McSheridan (appellant) then went with said inquirer, who the testimony discloses was named Fred Griffin, to a point about thirty feet from Appellant's house, where Appellant (or the other) secured one pint of whiskey. The police officers then went to the same spot, where they found nine additional pints of whiskey, all of this being on (or near) the Appellant's premises."

The trial was before the court, without a jury. The evidence was ore tenus and the conclusion of the trial court thereon must be accorded the effect of the verdict of a jury, and will not be disturbed upon appeal unless clearly wrong. Ala. Digest, Appeal and Error, ☞ 1008(1).

Likewise, "in determining the correctness of these findings, the reviewing court must consider all of the evidence in its most favorable aspect for the adverse party, and where there is evidence from which a reasonable inference may be drawn adverse to the complaining party, the court upon appeal will not disturb the lower court's conclusions." Skipper v. Wright, 30 Ala.App. 409, 6 So.2d 896, 897.

Testing the evidence by these well known rules, it is clear that this court should not disturb the trial court's conclusion adjudging defendant guilty.

His learned counsel stoutly asserts appellant's innocence and argues that the City officers, who testified in the case, had, themselves, "planted" the whiskey in the cache, but this we cannot affirm. The trial judge who saw and heard the witnesses could better determine these conflicting contentions and there is nothing in the record to indicate that his conclusion thereon was unwarranted. We think and hold that the evidence was ample to sustain the judgment of guilt.

The other matter reserved for review arises from the rulings of the trial court upon the admissibility of certain testimony during the cross examination of prosecuting witness Holmes, a city police officer.

The record discloses:

"Defendant then asked the witness the question,—'Do you know Carl Jacks and have you talked to him about this case?' The City objected to the question and the Court sustained the objection, and the defendant excepted.

"Defendant asked the witness, 'Do you know about this suit against the City, William C. McSheridan vs. Carl Jacks and the City?' The City objected; the Court sustained the objection and the defendant excepted.

"The defendant asked witness the question, 'You were employed by the City all of this year, and during this year as a policeman of the City you knew about William McSheridan bringing a suit for $25,000.00 against the City and Carl Jacks?' The city objected to the question and the court sustained the objection, and defendant excepted.

"The defendant asked witness the question, 'Have you talked with anybody about that suit against the City, or any of the officers of the City or the policemen about that damage suit before this occasion out there at the house?', and defendant's counsel stated, 'You want to show his interest as an officer of the city?'; the City objected to this question, the Court sustained the objection and the defendant excepted."

It is contended that the proof sought by the foregoing would tend to show the interest or bias of the witness, and to refuse such proof was reversible error. This court, however, entertains a contrary opinion. The fact that this witness knew that defendant had instituted a damage suit against the City and some other unidentified party, in a matter wholly unrelated to the instant proceedings, could scarcely be said to have a tendency to prove bias or interest of said witness.

Moreover, the extent to which a witness may be cross examined to show interest or bias rests largely within the sound discretion of the trial court, whose rulings in regard thereto will not be disturbed in absence of a showing of an unreasonable abuse to the prejudice of the complaining party. Smith v. State, 30 Ala.App. 346, 5 So.2d 648, 650. The court in this instance soundly exercised its discretion in pretermitting the proffered proof aforesaid.

We have carefully considered the case in connection with the briefs and argument of able counsel. No error prejudicial to defendant appears to have intervened, so the judgment must be affirmed.

Affirmed.