45 So.2d 480

## BROADWAY v. STATE.
### 4 Div. 117.

Court of Appeals of Alabama.
Dec. 6, 1949.

Rehearing Denied Jan. 10, 1950.

CARR, Judge.

The appellant was indicted on a charge of assault with intent to murder and convicted of assault and battery.

Without dispute in the evidence the accused, a white man forty-two years of age, assaulted a Negro man, eighty-two years old.

There is a strong indication that the parties were drinking.

The sufficiency of the evidence to sustain the judgment of conviction is raised only by the motion for a new trial. Under no aspect of the evidence is this position meritorious. In fact, on the basis of the appellant's testimony solely, it can hardly be said that he was legally justified in committing the admitted assault. In any event, the State made out a case of an inexcusable, unprovoked attack on the old Negro man.

Objections were interposed by counsel for the appellant to the introduction of the shirt and coat which were worn by the injured man at the time of the affray. These articles are not in this court for our inspection, and we have no way of intelligently determining whether or not the rights of the accused were in any manner prejudiced by their introduction. We rest our conclusion on this review without deciding the question of the admissibility of these articles. The burden is on the appellant not only to show error by the record, but also that such error probably injuriously affected the substantial rights of the accused. Slayton v. State, 234 Ala. 9, 173 So. 645; Brown v. State, 33 Ala.App. 152, 31 So.2d 652.

There was no dispute about the location of the wounds on the body of the assaulted party. It was, therefore, error without injury to allow the sheriff to state in evidence what he observed with reference to these inflictions when he examined the injured party about twenty-four days subsequent to the difficulty. Jones v. State,

23 Ala.App. 395, 126 So. 178; Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579.

The appellant on direct examination testified at length concerning his long acquaintance with the old Negro. During this time, he said, there had been no hard feelings, unfriendliness or ill will of any nature between the two parties. The witness stated also that after the difficulty he assisted others in carrying "Uncle Jim" to the hospital for medical treatment.

■ In this state of the record we hold that the court should not be cast in error for allowing the solicitor, on cross examination, to ask the defendant whether or not he ever went to see the injured party after the assault or if he reported the circumstances of the difficulty to the enforcement officers.

■ The latitude allowed on cross examination, or its restriction, rests largely in the enlightened discretion of the trial judge. Unless a clear and unquestioned abuse of this discretion is apparent, the appellate courts should not predicate error therefor. Louisville & N. R. Co. v. Martin, 240 Ala. 124, 198 So. 141; Tidmore v. Mills, 33 Ala.App. 243, 32 So.2d 769; Allsup v. State, 15 Ala.App. 121, 72 So. 599.

■ The appellant introduced a number of witnesses who testified that his character was good. In his argument to the jury his counsel stated: "They would not have been down here testifying for Broadway if they thought he was at fault." The court sustained the solicitor's objection to this assertion. We think correctly so. The function of the character evidence should not have been applied in this manner.

■ The solicitor stated in his argument to the jury that the defendant told the sheriff a lie. The appellant admitted that he did not at first tell the officer the whole truth about the circumstances relating to the assault. The solicitor did not, therefore, exceed his right in argument to make the statement. Green & Sons v. Lineville

Drug Co., 167 Ala. 372, 52 So. 433; Baughn v. State, 22 Ala.App. 517, 117 So. 608.

The other statements in the solicitor's argument, to which objections were interposed, were supported by the evidence or permissible deductions therefrom.

■ Charge 1, refused to the appellant, is clearly invasive of the province of the jury.

Charges 2 and 3 are each general affirmative instructions as to assault with intent to murder. The verdict of the jury makes these charges inapplicable.

We find no prejudicial error in the record. The judgment of the court below, therefore, is ordered affirmed.

Affirmed.

## On Rehearing.

We were in error in stating in our original opinion that on direct examination appellant testified that there had been no hard feelings, unfriendliness or ill will of any nature between the two parties during their long acquaintance.

This specific evidence appears in the redirect examination of the appellant and after the State had interrogated him as to whether or not he ever went to the hospital after the affray to see the injured party.

On direct examination the defendant testified that he assisted in getting the old Negro to the hospital and gave other evidence which indicated concern for the old Negro man. The reasonable deductions from the appellant's direct testimony lead to the inevitable conclusion that, up to the very time of the affray, he was on very friendly terms with the injured party.

We are clear to the conclusion that the state of the record in its accurate form could in no manner affect the logical conclusion expressed in our original opinion.

The application for rehearing is, therefore, overruled.

Application overruled.