218 So.2d 695

**James Gordon BATTLES**

v.

**STATE.**

**7 Div. 797.**

Court of Appeals of Alabama.

Dec. 10, 1968.

Rehearing Denied Jan. 14, 1969.

Rowan S. Bone and Jas. D. Pruett, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

## 636

JOHNSON, Judge.

Appellant was indicted in Etowah County, Alabama, for the offense of murder in the first degree. He made pleas of not guilty and not guilty by reason of insanity. After a trial by a jury, he was found guilty of murder in the second degree and sentenced by the court to a term of ten years in the penitentiary.

During the course of the redirect-examination of Mrs. Sarah Durham, a witness for the State, the following testimony was given:

"Mrs. Durham, I want to ask you this question, did Mr. Durham have any double indemnity insurance?

"MR. FLOYD: We object to that, your Honor.

"MR. PILCHER: That is highly admissible, if your Honor please.

"MR. FLOYD: Incompetent, irrelevant, immaterial.

"MR. PILCHER: Highly admissible.

"THE COURT: Wait just a minute. (Pause) Come up here, gentlemen.

"(Off the record discussion.)

"THE COURT: Mr. Love, come up here.

"(Whereupon, the following took place at a side bar conference, out of the hearing of the jury:)

"THE COURT: He says he wanted to show that she wanted to convict this defendant and then try to collect under the double indemnity clause, and I sustain the objection to going into that."

Appellant advances the argument that the question asked the witness was a proper inquiry into the bias or prejudice of the witness. Counsel further submits that the financial interest of a witness in the outcome of a criminal prosecution is a matter into which a legitimate inquiry may be made. Beverly v. State, 27 Ala.App. 374, 173 So. 397 (1937).

We think the trial court was correct in sustaining the objection.

It is the law, of course, that the pecuniary interest a witness may have in the outcome of a trial is a proper subject of inquiry for the purpose of questioning the credibility of a witness. However, there must be a limit to which such questioning extends and that limitation is placed within the sound discretion of the trial court and rulings on such limitations will not be revised by this court unless there has been a clear abuse of discretion. Smith v. State, 30 Ala.App. 346, 5 So.2d 648; Broadway v. State, 35 Ala.App. 86, 45 So.2d 480.

In the case at bar the court held the fact vel non of the deceased's being covered by double indemnity insurance in the light of the facts herein prevailing was not a proper subject for interrogation on cross-examination.

We believe the nisi prius court was correct in its ruling that the testimony which appellant attempted to introduce was irrelevant and immaterial for the purpose of showing a pecuniary interest on the part of the witness in the outcome of the trial.

Appellant also advances the ground that he was gravely prejudiced by the refusal of the trial court to order a new trial based upon evidence offered in support of his motion to the effect that he was unable to cooperate and participate in his own defense. The evidence appellant here refers to is a letter from Dr. Fredric W. Feist in which it is stated in part:

"In view of his inability to see things objectively and because he seems to have preformed opinions, which are unalterable, I feel that it would be difficult for him to cooperate and participate in his own defense."

Dr. Fiest's opinion is evidence which the trial court may consider. However, it is not conclusive nor binding upon the court for in the final analysis it is for the trial judge to make the determination

as to whether or not a new trial should be granted based upon the appellant's inability to aid in his own defense. The trial judge was in the best position to determine whether or not the appellant was capable of assisting in his own defense as he (the trial judge) was able to observe the appellant while he was on the stand testifying in his own behalf. Therefore, we are of the opinion that the trial court was not in error in refusing to grant a new trial. Benton v. State, 245 Ala. 625, 18 So.2d 428.

Having diligently searched the record and finding no error therein, we are of the opinion that the judgment in this cause is due to be and the same is hereby

Affirmed.

CATES, J., dissents.

Opinion corrected and application for rehearing overruled.