First degree murder; sentence: life imprisonment.
On August 31, 1976, Nell Maund was the victim of a homicide. The homicide was effected by the use of a .20 gauge shotgun fired in the home of the deceased in the Chalkhead Community of Dale County. The deceased was the wife of appellant.
Appellant spent the morning of the homicide working on his farm. He drank two cans of beer that morning, and about noon he went into Ozark, Alabama, where he bought two pints of wine. On his way home, he stopped to help Junior Watson work on Watson's car. Watson needed a part for the car so appellant offered to drive Watson to pick up the part. On the way, appellant experienced chest pains and had to stop and let Watson drive. Watson drove appellant home. Appellant had consumed most of the wine while working on Watson's car and during the ride. Appellant's daughter, Mrs. Joiner, and her small child were at appellant's home along with appellant's wife when Watson and *Page 1146 
appellant arrived. Mrs. Joiner insisted that appellant go to bed, and he did. Mrs. Joiner and her child then left to take Watson to get his automobile part. Mrs. Joiner was gone just long enough to drive two and one-half miles, drop Watson off, and return.
Appellant testified that he dropped off to sleep and was awakened by his wife pulling him off the bed by the left foot. He hit the floor flat of his back, partially paralyzing him. He said his wife started kicking and stomping him and told him to get out and leave. He made it through the next door to the bathroom, tried to get up, fell back, looked around, and saw his wife standing on a trunk with a shotgun in her hand with the stock pointing toward him. He said she jabbed him in the stomach with the gun, that his mind then went blank, and he remembered nothing else. Appellant testified additionally that he never harmed his wife, and that it had to be an accident if she was shot.
Mrs. Joiner testified that when she arrived back at the house, appellant was sitting on the porch in his underwear and stated to her, "I just killed your mother." She testified that appellant followed her into the house and made the additional statements: "Well, she started in on me and I couldn't take anymore," and "Yes, I shot her." Appellant did not recall making those statements.
On rebuttal Mrs. Joiner testified that within six months of the death of her mother, appellant had stated to the deceased that "he was going to shoot her down just like a dog," "he was going to shoot her down like a rabbit," "he was going to bust her brains out," and that "he'd twist her arm back and he would hit her."
Michael Maund, eighteen-year-old son of appellant, testified on rebuttal that appellant told deceased, "I'm going to beat you down like a rabbit, I'm going to kill you like a dog" within six months of the death of his mother. He also testified that within one year of the death of his mother, "seems like he twisted her arms. Lots of times I've — it was every two week thing, I mean. About every so often he'd be (sic) come in and hurt her somehow, twisted her arms —."
Appellant denied ever making any threats to deceased. He did admit to twisting his wife's arms when they had domestic difficulties.
 I A.
Appellant argues that the judgment should be reversed because the trial judge refused to give certain requested written charges on self-defense and failed to orally charge the jury on the law of self-defense.
Appellant's requested written charges marked "e" and "f" are not endorsed "given" or "refused" by the trial judge, nor signed by the trial judge, as required by Title 7, § 273, Code of Ala. 1940 [now § 12-16-13, Code of Ala. 1975]. Numerous other requested written charges of appellant are in compliance with Title 7, § 273.
Counsel for appellant does not argue in brief that the trial judge refused to endorse or sign the requested charges, nor was an exception taken. Because of failure to comply with Title 7, § 273, this court may not consider the charges on appeal even though the charges appear in the record. Watkins v. State,50 Ala. App. 111, 277 So.2d 385, cert. denied, 291 Ala. 801,277 So.2d 389 (1973); Hill v. State, 48 Ala. App. 240, 263 So.2d 696
(1972); Barnwell v. Murrell, 108 Ala. 366, 18 So. 831 (1895).
Exceptions to the oral instruction of the court must be taken in the presence of the jury and before the jury retires so that the trial judge will have an opportunity to make any corrections. Thomas v. State, Ala.Cr.App., 352 So.2d 25; Owensv. State, 53 Ala. App. 553, 302 So.2d 240, cert. denied,293 Ala. 769, 302 So.2d 243 (1974); Cox v. State, 280 Ala. 318,193 So.2d 759 (1967). At the conclusion of the court's oral charge, defense counsel took no exception to the court's failure to charge on the law of self-defense. Except for an exception to an unrelated point of law, defense counsel announced that he was satisfied with the court's oral charge, therefore, there is *Page 1147 
nothing presented for this court to review in this regard. Cox, supra.
 B.
Appellant submits the trial court was in error to refuse the following requested written charge in support of self-defense.
 "39. The jury may look to any evidence in the case tending to show that the deceased used abusive and threatening language or conduct toward defendant at or about the time of the alleged offense, and if the jury believes such words or acts were used, the jury may consider the same in justification, mitigation or extenuation of the offense."
Requested Charge No. 39 may have been refused by the trial court without error for any number of reasons. Predicating the charge partly upon the abusive language of the deceased in justification, mitigation or extenuation of murder is a misstatement of the law rendering the charge improper. In 1872 in Taylor v. State, 48 Ala. 180, our Supreme Court held that no words, however insulting, will excuse a homicide. Evidence of opprobrious words or abusive language may be considered in extenuation or justification on a charge of assault, assault and battery, or affray pursuant to Title 14, § 37, Code of Alabama 1940 [§ 13-1-51, Code of Ala. 1975], but evidence of abusive language may not be considered an extenuation or justification of an offense of a higher grade. Taylor, supra;Metcalf v. State, 40 Ala. App. 25, 108 So.2d 435 (1958), cert. denied, 268 Ala. 533, 108 So.2d 446.
 II
The appellant contends that it was error for the trial court to refuse the defendant the opportunity to testify as to whether he consented to the release of his interest in his estate to his children.
The appellant testified that he never threatened or harmed his wife. On rebuttal the State offered testimony of two of the appellant's children of similar threats they heard their father make against their mother and of his physical abuse of her within six months or a year of her death. On cross-examination the defense counsel elicited from the two rebuttal witnesses that Robert Steve Maund, another son of the appellant, obtained their father's power of attorney after his imprisonment and had exercised control over certain assets of their father, allegedly for the benefit of appellant's younger son, a minor at the time.
The defense counsel then sought to examine the appellant himself about these financial matters. The State objected on the ground that the defense was not seeking to offset or answer any evidence originally brought out by the State on rebuttal. The trial court sustained the objection on the ground that the financial matters were collateral issues brought out on cross-examination of the two State's witnesses, and the reason for allowing it on cross-examination was for the purpose of showing bias as far as the two witnesses were concerned.
As stated in Battles v. State, 44 Ala. App. 635, 218 So.2d 695
(1968), cert. denied, 283 Ala. 711, 218 So.2d 697 (1969):
 "It is the law, of course, that the pecuniary interest a witness may have in the outcome of a trial is a proper subject of inquiry for the purpose of questioning the credibility of a witness. However, there must be a limit to which such questioning extends and that limitation is placed within the sound discretion of the trial court and rulings on such limitations will not be revised by this court unless there has been a clear abuse of discretion. Smith v. State, 30 Ala. App. 346, 5 So.2d 648; Broadway v. State, 35 Ala. App. 86, 45 So.2d 480."
We find no abuse of discretion here.
 III
Appellant contends the State's expert witness, the coroner, testified that deceased was lying on the floor when shot, and that the trial judge erred by refusing the defense on cross-examination to contradict the State's evidence by showing the deceased could have been shot while wrestling over the gun. *Page 1148 
The record bears out the State's contention that the coroner never testified that the deceased was lying on the floor when shot. On direct examination the prosecution asked the coroner if the deceased was lying on the "ground" when shot. The defense counsel objected, and the trial judge sustained and instructed the jury to disregard the question. The coroner never answered the question. On cross-examination the defense counsel was also limited in asserting the probable position of deceased when shot.
The prosecution was prevented from eliciting testimony from the coroner for purposes of establishing probable position of the deceased at the time she was shot. By statute the right to a thorough and sifting cross-examination belongs to every party as to witnesses called against him. Title 7, § 443, Code of Ala. 1940 [now § 12-21-136, Code of Ala. 1975]. But the extent of cross-examination is a matter addressed to the sound discretion of the trial court and is not subject to review except in case of abuse. Seals v. State, 282 Ala. 586,213 So.2d 645 (1968). In our opinion, the trial court did not abuse its discretion with respect to cross-examining the coroner and imposing the same evidentiary restriction on the defense as was placed upon the State at the insistence of the defense.
 IV
Appellant contends that it was reversible error for the appellant not to be present at the pre-trial hearing on a motion to disclose the State's evidence. Pre-trial motions hearings are not viewed as a critical stage of trial, and the defendant does not have a right to be present. Wade v. State, Ala.Cr.App., 349 So.2d 141 (1977); Johnson v. State, Ala.Cr.App., 335 So.2d 663, cert. denied, Ala., 335 So.2d 678, cert. denied, 429 U.S. 1026, 97 S.Ct. 649, 50 L.Ed.2d 629
(1976).
 V
The appellant argues that it was error for the jury venire to be organized, qualified, and identified in open court in the presence of appellant's attorney, but out of the presence of the appellant. The appellant was present when the trial judge and defense counsel specially qualified the jury venire for the appellant's case. The jury was selected and impaneled for the appellant's case in the presence of appellant.
Objections to the jury venire must be made prior to the impaneling and swearing in of the jury. No objection was made concerning the absence of appellant from the initial organization, qualification, and identification of the jury venire, therefore, there is nothing for this court to review.Andrews v. State, Ala.Cr.App., 359 So.2d 1172 [1978].
AFFIRMED.
All the Judges concur.