Appellant was convicted of robbery in the first degree. Following proper allocution, a sentence of imprisonment for twenty years was imposed, such sentence to be served concurrently with another sentence previously imposed.
Appellant does not challenge the sufficiency of the evidence. A succinct statement of the facts will suffice for review.
At about 4:00 a.m. on September 9, 1980, two men dressed in hospital jackets entered the Zippy Mart in Ensley, Jefferson County, where Vivian Davidson was employed *Page 945 
as cashier. One of the men brandished a pistol at Ms. Davidson and demanded money from her. The other man went behind the counter and removed money from the cash register. This activated an alarm which could not be heard within the store. After taking the money and threatening to harm Ms. Davidson if she called the police, the men sped away in a red and black automobile. The sum of $103 was taken.
Ms. Davidson called the police by telephone and gave descriptions of the men and the vehicle. Within minutes uniformed police officers arrived at the store and took Ms. Davidson to view two men and a vehicle stopped beside a street a few blocks from the store. The victim identified William Elmore, III and Calvin Eugene McBride as the men who had robbed her and she also identified the vehicle as the one that they had used to flee the scene of the robbery. Elmore and McBride were both arrested.
Officer John Rye of the Birmingham Police Department, was patrolling in his marked police vehicle at about 4:00 a.m. on the morning of the robbery. He heard a "BOLO" to be on the lookout for the men and vehicle described by Ms. Davidson. He saw a red and black vehicle occupied by two men dressed in hospital scrub jackets a few blocks from the scene of the robbery. He stopped the vehicle and placed the occupants in custody. Ms. Davidson was brought to the scene and she identified the two men as the persons who had robbed her.
After Elmore and McBride had been taken into custody, Ms. Davidson returned to the store and was determining the exact amount of money taken when she received a telephone threat from some unknown male who made threats against her if she were to testify and identify the robbers. The next day she received a similar call from an unknown female.
Counsel was appointed to represent appellant in District Court. A preliminary hearing was scheduled in District Court and continued on several occasions because Ms. Davidson did not appear in response to subpoenas issued at the request of the state and the appellant. Appellant and McBride were indicted by the grand jury on January 9, 1981, charged with robbery in the first degree. On January 28, 1981, and after indictment, the cases against both men were dismissed in District Court on motion of the State.
After indictment, appellant continued to be represented by appointed counsel. A petition for writ of habeas corpus was filed in Circuit Court together with a motion for reduction of bond. The sheriff of Jefferson County made his return pursuant to § 15-21-17, Code of Alabama 1975, answering that appellant was being held pursuant to two indictments charging robbery in the first degree and attaching copies of the indictments. A hearing on the petition was scheduled and appellant requested a subpoena to compel the attendance of Ms. Davidson to testify at the hearing. She did not attend. The writ of habeas corpus was denied but bond was reduced from $50,000 to $20,000.
Trial of the case was had upon the indictment and the plea of not guilty entered by the appellant.
 I
Appellant first urges reversal on the ground that he was denied his Sixth Amendment right to confront his accusers since he was not afforded a preliminary hearing prior to the indictment. Ala. Code § 15-11-1 (1975). It has long been held in this jurisdiction that a preliminary hearing is not essential to criminal prosecution after indictment. Johnson v. State,335 So.2d 663 (Ala.Cr.App.), cert. denied, 335 So.2d 678, cert.denied, 429 U.S. 1026, 97 S.Ct. 649, 50 L.Ed.2d 629 (1976). The purpose of a preliminary hearing is to determine probable cause. The indictment satisfies this requirement. A repetitious inquiry to determine probable cause after indictment is not necessary. Scaife v. State, 337 So.2d 146 (Ala.Cr.App. 1976);Ex parte Campbell, 278 Ala. 114, 176 So.2d 242 (1965); Duncanv. State, 369 So.2d 885 (Ala.Cr.App. 1979); Ex parte Potts, *Page 946 426 So.2d 896 (Ala. 1983). It has long been held that an accused has no absolute right to a preliminary hearing in Alabama after an indictment has been returned by the grand jury. Hammond v.State, 354 So.2d 280 (Ala.Cr.App. 1977); cert. denied,354 So.2d 294 (Ala. 1978), cert. denied, 439 U.S. 823, 99 S.Ct. 91,58 L.Ed.2d 115 (1978).
 II
After Ms. Davidson has testified on direct examination, and at the request of appellant, a hearing was held with the jury excluded. Appellant examined Ms. Davidson and she testified that she had not appeared at the preliminary hearing or at the habeas corpus hearing because of the threats made against her. It was also shown that she appeared for trial only because she had been brought to court by a law enforcement officer. Counsel for appellant advised the trial judge that it was his intent to bring out the fact that Ms. Davidson had failed to appear on several occasions. The judge advised counsel that such was not proper for presentation before the jury and would probably result in a mistrial. During the hearing Ms. Davidson testified she did not know who had made the threatening calls except that one was made by a black male and the other by a female. Upon resumption of the trial before the jury, the appellant did not attempt to bring up the subject of the threatening calls.
Appellant urges prejudicial error in the action of the trial court in denying him the right to question Ms. Davidson in the presence of the jury on the subject of her failure to appear at pretrial hearings. Appellant claims that his cause was prejudiced when the state was allowed to argue that Ms. Davidson's record was without blemish. The trial court heard considerable evidence outside the presence of the jury on the subject of her failure to appear. That an accused be allowed to show bias and prejudice on the part of a witness testifying against him is a rule of law in this jurisdiction. However, there must be a limit to which such questioning extends. The limitations placed upon the scope of evidence elicited to show bias and prejudice is within the sound discretion of the trial court, and his judgment will not be disturbed absent a clear abuse of discretion. Smith v. State, 30 Ala. App. 346,5 So.2d 648 (1942); Broadway v. State, 35 Ala. App. 86, 45 So.2d 480
(1949). Cross-examination of the victim concerning her failure to appear at pretrial hearings, and the reasons for such failure would lead the trial far afield and burden the trial with remote issues that would shed no light on the guilt or innocence of the appellant. Denson v. State, 50 Ala. App. 409,279 So.2d 580 (1973). The trial court was correct in ruling that the testimony was irrelevant and immaterial for the purpose of showing bias and prejudice on the part of the witness. The alleged error does not appear as a clear abuse of discretion to the injury of appellant. Battles v. State,44 Ala. App. 635, 218 So.2d 695, cert. denied, 283 Ala. 711,218 So.2d 697 (1968).
It should be noted that the testimony regarding the failure of the witness to appear was presented outside the presence of the jury. The trial court ruled such evidence would be inadmissible and would "probably result in a mistrial" if elicited before the jury. Appellant did not pursue that line of questioning before the jury.
Appellant argues as error that during closing argument the following occurred:
 "MR. MAHON (Assistant District Attorney, in reference to Ms. Davidson):
 She told you everything she knows and yet the defendant wants you to believe somehow or another she is the person that stole the money. If there was ever any blemish on her record whatsoever you would have known about it because she could have been —
"MRS. LACY (Defense Counsel):
 "Objection, Your Honor. I was admonished not to go into those particular blemishes. I was admonished that there would be a mistrial if we went into that and I object to him going into it.
"THE COURT: *Page 947 
 "I sustain the objection. I sustain the objection. Let's don't go into that."
The argument is presented that because appellant was not allowed to show that Ms. Davidson failed to appear for pretrial hearings it was error for the prosecution to argue that her "record" was without blemish. The court sustained the objection by counsel for appellant. No motion for mistrial was made. Appellant cites as authority for reversal Pointer v. State,37 Ala. App. 670, 74 So.2d 615 (1954). In that case, the prosecutor argued that if the prosecuting witness was not a person of good character, the defendant would have shown such to the jury. The trial court overruled objection to that line of argument. In reversing, the appellate court ruled that in overruling the objection, the trial court manifested its approval of such statements, and therefore the statements were, in effect, instructions to the jury that because the character of the prosecuting witness had not been questioned, the jury should assume that his character was good. In that case, defendant was charged with assault with intent to murder. The defense was alibi. Under that posture, evidence of the bad character of the prosecuting witness would not have been admissible since his character for peace and quiet would not have been in issue unless there was evidence to show the defendant acted in self-defense. It was thus improper for the prosecution to comment on the failure of the defendant to produce evidence which would have been inadmissible. Pointer, supra, is clearly distinguishable because in the instant case the court sustained the objection.
Appellant also cites Jarrell v. State, 251 Ala. 50,36 So.2d 336 (1948), 35 Ala. App. 256, 50 So.2d 767, rev'd, 255 Ala. 128,50 So.2d 774, aff'd, 255 Ala. 209, 50 So.2d 776 (1951), for the proposition that the argument of the prosecutor would only be proper in response to argument made by the defense. In Jarrell
the defense had called a vast number of witnesses who testified that the reputation of defendant for peace and quiet was good. The state did not attempt to show by any witness that such reputation was bad. One witness, a neighbor of the accused, was called by the state but was not questioned by either party concerning the reputation of defendant for peace and quiet. The trial court refused to exclude the argument of the prosecutor to the effect that the witness did not testify as to the good character of the defendant for peace and quiet. The appellate court held that the effect of the prosecutor's remark was to criticize the defendant for failing to call as a character witness a person who had already testified on behalf of the prosecution. The argument was highly prejudicial and the failure of the trial court to exclude it from the jury was error. Again, the cited case is distinguishable because in the instant case the trial court sustained the objection.
The general rule is that improper argument of counsel is not ground for a new trial or the subject of review on appeal unless the defendant has moved that the offending remark be excluded from the jury's consideration. Here, the trial judge sustained the objection of defendant. The judge was under no duty to exclude the argument ex mero motu even if it were improper. Cassady v. State, 51 Ala. App. 544, 287 So.2d 254
(1973); Liner v. State, 350 So.2d 760 (Ala.Cr.App. 1977).
In the instant case appellant did not move to exclude the offending remark. The matter was presented to the trial court by a timely motion for new trial which was overruled. When the argument of the prosecutor is so highly prejudicial that the effect is ineradicable, it may be made the ground for motion for new trial. Johnson v. State, 272 Ala. 633, 133 So.2d 53
(1961). The prosecutor's comment during closing argument was not improper. Even if it were, the argument was not of an ineradicable nature so as to require reversal. Argument of counsel must be viewed in the context of the heat of debate and the jury usually does so. Bullard v. State, 40 Ala. App. 641,120 So.2d 580 (1960); Arant v. State, 232 Ala. 275, 167 So. 540
(1936). The argument of the prosecutor does not *Page 948 
require reversal in this case. Bracewell v. State,407 So.2d 827 (Ala.Cr.App. 1979), remanded, Ex parte Bracewell,407 So.2d 845, on remand, 407 So.2d 848, reversed, 407 So.2d 853, onremand, 407 So.2d 854, writ denied, 407 So.2d 854, vacated,457 U.S. 1114, 102 S.Ct. 2920, 73 L.Ed.2d 1325 (1982); Vickerstaffv. State, 374 So.2d 443 (Ala.Cr.App. 1979); Meredith v. State,370 So.2d 1075 (Ala.Cr.App. 1979).
 III
Appellant also urges as error the denial of his constitutional right to confront the witness Davidson when she failed to appear at the hearing on his petition for writ of habeas corpus. The petition was filed after indictment preferred. The writ was denied. The record on appeal does not reflect the evidence presented on the hearing. The petition, the return of the sheriff, the denial of the writ, and the bond reduction are documented by the record. The fact that appellant had a subpoena issued for the appearance of Ms. Davidson at the hearing is also shown by the record. The return of the sheriff was adequate to show that appellant was in custody by virtue of proper process. Section 15-21-7, Code of Alabama 1975. There is nothing presented for review. Appellant did not appeal from denial of the habeas corpus. Carty v. State, 43 Ala. App. 57,179 So.2d 333, cert. denied, 278 Ala. 707, 179 So.2d 335
(1965).
 IV
Appellant contends that his constitutional rights under the Fifth Amendment were violated when he was put to trial in circuit court after the case had been nol-prossed in district court following indictment. In Benton v. Maryland,395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), it was held that the Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment. In the instant case no jeopardy had attached. Appellant was indicted. The case in district court was then nol-prossed. Jeopardy begins when a jury has been empanelled and sworn and the indictment read. Ex parte Collins,385 So.2d 1005 (Ala. 1980), 14 A.L.R. 4th 1006, on remand, 385 So.2d 1010
(Ala.Cr.App.). The arrest of defendant and docketing of his case for preliminary hearing did not place him in jeopardy.Champion v. State, 372 So.2d 1356 (Ala.Cr.App. 1979); Hammondv. State, supra.
In a unique argument appellant urges that, because the robbery charge against Calvin McBride was nol-prossed in circuit court and McBride was not tried, the state is estopped to prosecute him. Able counsel for appellant candidly admits that a careful review of the cases in Alabama has not revealed authority for the argument. Appellant has not demonstrated that he was injured by the fact that Calvin McBride was not prosecuted. If the argument is to the effect that the action of the State in dismissing the case against McBride amounted to a purposeful and intentional discrimination violative of the equal protection clause of the Fourteenth Amendment, appellant has failed to prove the elements necessary to carry the burden. These elements include: (1) selectivity in enforcement, (2) selectivity that is intentional, and (3) selectivity based on some invidious or unjustifiable standard such as race, religion or other arbitrary classification. It is insufficient merely to show that other criminals have not been prosecuted. Starley v.City of Birmingham, 377 So.2d 1131 (Ala.Cr.App. 1979), cert.denied, 446 U.S. 956, 100 S.Ct. 2929, 64 L.Ed.2d 815 (1980); and cases cited therein.
Mindful of the duty imposed upon the court, the entire record has been reviewed and no just cause for reversal has been found.
The foregoing opinion was prepared by Hon. WILLIAM D. PAGE, Circuit Judge, temporarily on duty on the court pursuant to §12-2-30 (b)(6), Code of Alabama 1975; the court has adopted his opinion as its own. *Page 949 
The judgment of the circuit court is hereby affirmed.
AFFIRMED.
All the Judges concur.