## Ex Parte BRYAN.

[APPLICATION FOR MANDAMUS TO COMPEL CIRCUIT COURT TO VACATE AND SET ASIDE ORDER FOR CHANGE OF VENUE.]

1. *Accused; right of to be present during prosecution.*—In all criminal prosecutions in the courts of this State, the accused has the right to be heard by himself and counsel, or by either, and for this purpose he must be present in court, whenever any action is taken in the prosecution, for the purpose of allowing him to be heard, should he desire it, except when orders are made for a continuance, when accused fails to appear, or of a like character, which are governed by the discretion of the court.

2. *Same; what order can not be made in absence of.*—An order for the removal of the trial, in a criminal case, from the county in which the indictment was found to the nearest county free from objections, can not be made in the absence of the accused from the court ; on the making of such an order he is entitled to be present, and to be heard if he sees fit.

3. *Mandamus; when lies.*—A *mandamus* will be awarded to set aside an order made for a change of venue, in a criminal case, in the absence of the accused.

This was an application, by Harry Bryan, to this court for a *mandamus*, to compel the circuit court of Elmore, Hon. J. Q. Smith, judge presiding, to vacate and set aside an order, made by said court, transferring the trial of the case of The State *vs.* Harry Bryan, on an indictment for burglary, to the county of Montgomery. The petitioner alleges that said order was made, when neither petitioner nor his counsel was personally present.

At a former term of the circuit court of Elmore, the petitioner made an application for a change of venue, for causes set out in his affidavit; on the hearing "it was admitted by the counsel for the State, and defendant, that the court-house of Montgomery county was the nearest court-house. It was also stated that Montgomery county was the nearest county free from exceptions. It was also stated that Autauga county, the court-house of which is only five miles further than the Montgomery court-house, is also free from exceptions, and the county solicitor proposed that the trial take place in Autauga county." On this evidence the court ordered the venue to be changed to Autauga county. To this ruling of the court Bryan excepted, and brought the case by appeal to this court. This appeal was dismissed at the June term, 1869, of this court, the court holding that an appeal, before final trial on the indictment, would not lie to revise the ruling of the circuit court on an application for a change of venue.— See *Bryan v. The State*, 43 Ala. 321.

Afterwards, upon the matters set out in the transcript, an application was made for a rule *nisi* for *mandamus* to the circuit court of Elmore, to show cause why the order changing the venue to Autauga county should not be vacated, and the trial of the case should not be transferred to Montgomery county. The application was granted, and and a rule *nisi* granted, in accordance with the prayer of the petitioner. The return to the rule *nisi* is not among the papers or transcript in the case, and the Reporter is unable, therefore, to state any thing more definite in relation to it than is already stated in the opinion.

SAMUEL F. RICE, for petitioner.
JOSHUA MORSE, Attorney-General, *contra.*

PETERS, J.—The petitioner, Harry Bryan, comes here upon his petition, and moves this court for a writ of *mandamus*, or other appropriate writ or order, to compel the circuit court of Elmore county to set aside an order for a change of venue, in the case of The State *vs.* said Harry Bryan, upon a charge of burglary, made in the said circuit court, at the spring term, 1870, by which the trial of said case had been removed to the county of Montgomery, in this State, under direction of an order *nisi* for an alternative *mandamus*, issued out of this court at the last term, on an application for *mandamus* in this court, at said last term thereof.

The ground for this application is, that said order for the removal of the trial of said cause, of The State *vs.* Harry Bryan, abovesaid, to the county of Montgmery, was made by said circuit court, when said Bryan was absent from said circuit court, and was neither present to be heard by himself and counsel, or by either ; and that said order was, therefore, erroneous for this reason.

In many cases under the practice of this court, as heretofore established, the writ of *mandamus* has been made, to some extent, to serve as a writ of error, or an appeal in certain specified cases, in which a party, without its aid, would suffer an irreparable injury by the denial of an important right. Such, it is contended, will be the effect in this case.

The constitution of the State is a pledge of protection to the rights it secures to every citizen. This instrument requires—" that in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either." Constitution of Ala. 1867, art. 1, § 8. The import of the word *prosecution*, in this section of the fundamental law, is to carry on or accompany a criminal suit in the courts of the State, from the beginning to the end of the procedure. Such is the legal, as well as the etymological force of the word. Then, in every step of the proceeding, which constitutes the prosecution, in which there is any action in

which the accused has a right to be heard, he has the right
to be present and to be heard by himself and counsel, or
either. This right is without any limit, and without any
exception, when the step is not one of mere discretion in
the court; such as a continuance, when the accused fails
to be present, and orders of a like character. This is a
constitutional provision in his favor, and cannot be disre-
garded by the court. The court is bound by the most
solemn obligation to support and defend it.—*The State v.
Hughes*, 2 Ala. 102, 104; *Henry v. The State*, 33 Ala. 389;
*Hall v. The State*, 40 Ala. 698; 1 Bish. Cr. Proc. p. 684;
Const. Ala. art. 15. Then the circuit court erred in making
the order to remove the trial of the case of The State *vs.*
Bryan, to the county of Montgomery, without the presence
of the accused in court, to be heard upon it, if he chose.
Rev. Code, § 4206, 4207; *Ex Parte Chase*, 43 Ala. 303;
*Bryan v. State*, 43 Ala. 321, 323. This was such an order
of the court as could not have been corrected, if wrong, by
appeal, but only by *mandamus.—Bryan v. State.*

No doubt that a party, after making an application for
a removal of the trial to another county, may abandon it.
or may have it rescinded before the trial is actually re-
moved, as he could any other interlocutory order, during
the term of the court at which the same was made, before
its adjournment.

The learned judge, under the order of this court, would
have acted very properly in making the order for the re-
moval of the trial to the county of Montgomery, had the
accused been in court by himself and counsel, or either, to
have been heard upon the order when it was made. The
error was not committed in sending the case to Montgom-
ery county, but in making the order in the absence of the
accused from the court.

The answer of the learned judge of the circuit court to
the order *nisi* of this court, would be sufficient if it showed
that the order of this court had been complied with, or
that the accused had abandoned his application for the
removal of the trial, and consented to be tried in the
county where the indictment was found.

A rule *nisi* is therefore granted, according to the prayer

of the petitioner, requiring said order, removing said trial to the county of Montgomery, made in the absence of the prisoner from court, to be set aside; returnable to the next term of this court, on the first regular motion day thereof.