Per Curiam.

The appellants were deprived of their right to a fair trial by the lower court’s action in excluding them from the courtroom during the hearing on the motion to suppress, against their strenuous protests voiced by their counsel.
*713 One accused of a crime is entitled to be present at every stage of the trial with free opportunity to defend (Ponzi v. Fessenden, 258 U. S. 254, 260). The rule as to the exclusion of witnesses does not apply to a party who has the right to be present at all times (Leed v. Joshua, 72 N. Y. S. 2d 3, 4 [App. Term, 1st Dept.] ; Richardson, Evidence [9th ed.], § 474, p. 483). “ The granting or denial of a motion to suppress evidence is a crucial step in a criminal prosecution: it may often spell the difference between conviction or acquittal ”. (People v. Lombardi, 18 A D 2d 177, 180.) The minutes of a hearing on such a motion are a part of the judgment roll and part of the “ ‘ stenographic minutes of the entire proceedings of the trial ’ even where the motion to suppress is heard and decided prior to the trial”. (People v. Brady, 21 A D 2d 979; People v. Dempsey, 21 A D 2d 982.)
It is therefore clear that the presence of a defendant during a hearing on a motion to suppress ‘ ‘ bears, or may fairly be assumed to bear, a relation, reasonably substantial, to his opportunity to defend.” (Snyder v. Massachusetts, 291 U. S. 97, 106.) It is not a stage of the cause “ at which the function of counsel is mechanical or formal ” (ibid., p. 115). Therefore it was error on the part of the court to exclude the defendants from the courtroom during the hearing on the motion to suppress.
Order and judgment of conviction should be reversed on the law and new trial ordered.
Concur — Capozzoli, J. P., Gold and IIoestadteb, JJ.
Order and judgment reversed, etc.