Burke, J.
On these appeals brought by permission, defendants Anderson and Thompson seek to reverse their convictions of robbery, first degree. While the defendant Anderson was in custody awaiting trial, a hearing was held on a motion to suppress certain evidence and the District Attorney presented the testimony of a witness relative to the legality of the search. Because of his unexplained absence from the courtroom during this hearing, Anderson asserts that there was a denial of due process and a violation of section 356 of the Code of Criminal *286 Procedure. The motion to suppress was denied and the evidence was admitted during his robbery trial. Although these facts warrant the relief requested, the Appellate Division has affirmed the judgment of conviction.
Defendant argues that a hearing pursuant to section 813-c of the Code of Criminal Procedure, at which testimony is taken relative to evidence to be later used against him at trial, is in reality a part of the “ trial ”. It is my opinion that the purposes of section 356 of the Code of Criminal Procedure, the rationale of the applicable decisional law and our own guarantee of due process (N. Y. Const., art. I, § 6) make this reasoning persuasive.
Section 356 of the Code of Criminal Procedure requires that at a trial for a felony “ the defendant must be personally present.” This statutory provision and the judicial application thereof entitle a defendant to be present at postindictment proceedings where there is a “ taking of evidence ” (People v. Thorn, 156 N. Y. 286 [1898]; People ex rel. Bartlam v. Murphy, 9 N Y 2d 550; see People ex rel. Lupo v. Fay, 13 N Y 2d 253). Motions to exclude illegal evidence are made during the trial in some jurisdictions (e.g., Shuck v. State, 223 Ind. 155; Youman v. Commonwealth, 189 Ky. 152; Hill v. State, 211 Tenn. 682; Wyatt v. State, 162 Tex. Crim. 134). In the case of Mapp v. Ohio (367 U. S. 643), which imposed upon the States the exclusionary rule for such evidence, defense counsel moved to exclude the illegally seized evidence during the trial. Apart from these instances, it is common knowledge that, in the absence of other procedural rules, objection to the admissibility of any evidence is normally made when that evidence is offered at the trial. If testimony is taken at the trial on the propriety of a search and seizure, no one would dispute the applicability of section 356 of the Code of Criminal Procedure. Surely the right to be present, assured defendant by statute, is not lost because our Legislature, pursuant to the mandate of the United States Supreme Court in Mapp (supra), saw fit in the interest of expediting the conduct of trials to adopt section 813-d of the code which requires that the motion to suppress be made and a hearing held in advance of the actual trial. There is no justification for distinguishing between the defendant’s right to “be present” in connection with testimony elicited at a trial'on the propriety of a search and seizure and this same right in connection with testimony *287 taken at a suppression hearing. “ The statute’s purposes are two: to prevent the ancient evil of secret trials (People v. Thorn, 156 N. Y. 286) and to guarantee the defendant’s right to be present at all important stages of his trial.” (People ex rel. Lupo v. Fay, supra, p. 256.) The significance of the suppression hearing is such that the rationale for requiring the defendant’s presence at the trial applies with equal force to require his presence at the suppression hearing. ‘1 [A] denial of a motion to suppress evidence is a crucial step in a criminal prosecution; it may often spell the difference between conviction or acquittal ” (People v. Lombardi, 18 A D 2d 177, 180 [2d Dept., 1963], affd. 13 N Y 2d 1014). Therefore, this court’s holdings in People ex rel. Bartlam v. Murphy (supra) and People ex rel. Lupo v. Fay (supra) that if evidence is taken the defendant has the right to be present to learn who his accusers are and what testimony they intend to give are particularly relevant. In Lupo this court established the proper criteria when it said: “ While not directly controlling on us, Snyder v. Massachusetts (291 U. S. 97 * * *) is a sound, fair guide for decision in such cases. Due process, held the Supreme Court in Snyder, mandates the presence of a defendant ® * * to the extent only that his presence is necessary for a fair and just hearing of his cause and he must be deemed to have the absolute right to hear everything * * * so that his may be the opportunity to confront his accusers and advise with his counsel.” It is difficult in light of this language to agree with the contention of the People that a defendant has had a full opportunity to defend against a charge when a suppression hearing is held during his unexplained absence. The distinctions suggested by respondent, between the actual trial and the hearing required by the new statute, ignore the reasons underlying the enforcement of the right to be present whenever testimony is to be taken relating to evidence which is to be used against a defendant. In fact such distinctions lack support in the principles of practice and are equally lacking in reality or logic. The right of the accused to be present as a procedural safeguard at the trial is absolute. Expediency may not dictate procedural changes so as to take from a defendant the right to be present at the taking of testimony, even at a pretrial suppression hearing. At such a hearing the facts of the search and seizure are established for the *288 purposes of the trial and the ruling of the hearing Judge is determinative of the issue of the legality of the search. For this reason the right of a defendant to he present at this hearing is collateral and analogous to his right to he present at the trial. It is hardly necessary to add that the defendant alone may be able to inform his attorney of inconsistencies, errors and falsities in the testimony of the officers or other witnesses. In such a circumstance to hold that his presence is not essential is to deprive him of the opportunity to defend — a denial of due process — since the determination of the motion to suppress often determines the ultimate question of guilt.
The suppression hearing is, of course, not within the specific meaning of “ trial ” as heretofore defined. (Maurer v. People, 43 N. Y. 1, 3 [1870]; Hopt v. Utah, 110 U. S. 574 [1884].) However, “We are not bound to accept this definition [of ‘ trial ’] if it is not in keeping with the purpose of the statute before us and another sensible meaning may be given to the word. It may be given a meaning broad enough to include the examination of criminal cases by a court in all their stages ”. (People ex rel. Steckler v. Warden, 259 N. Y. 430, 432-433.) Such is the rule where questions of fact are to be determined. Of course, in the argument of a motion to decide a pure question of law, no right to be present inures to a defendant. (People ex rel. Lupo v. Fay, supra, p. 256.) What is of primary importance after all is the strong social policy in favor of requiring the presence of the defendant.
In my view the decision below is an unwarranted departure from the clear public policy of New York as well as a violation of fundamental fairness.
The unexplained absence of Anderson from the hearing on the motion to suppress requires a reversal of his conviction and since the evidence which was not suppressed may have been improperly before the jury to the prejudice of his codefendant Thompson, who is charged with acting in concert with Anderson, in the interests of justice there must also be a reversal of Thompson’s conviction.
Chief Judge Desmond and Judges Fuld and Van Voorhis concur with Judge Burke ; Judges Dye, Scileppi and Bergan dissent and vote to affirm.
Judgments reversed and a new trial ordered.