**STATE of Minnesota, Respondent,**

v.

**Thomas M. GREY, Appellant.**

**No. 46620.**

Supreme Court of Minnesota.

June 10, 1977.

Meshbesher, Singer & Spence, Ronald I. Meshbesher, and John P. Clifford, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Richard G. Mark, Asst. Atty. Gen., Joseph B. Marshall, Sp. Asst. Atty. Gen., St. Paul, Thomas J. Reif, County Atty., Alexandria, for respondent.

Heard before ROGOSHESKE, TODD, and SCOTT, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

Defendant, Thomas M. Grey, appeals from his conviction, on trial by jury, of burglary using a tool, Minn.St. 609.58, subd. 2(1)(a), and theft, § 609.52, subd. 2(1), and from denial of a motion for judgment of acquittal n. o. v. or a new trial. His principal claim of reversible error is his absence from a pretrial suppression hearing at which oral testimony was introduced to establish the admissibility of inculpatory photographic evidence obtained by law enforcement officers at the time his home was searched for tools used in the alleged crime. Since we are persuaded that defendant's absence from this hearing deprived him of his constitutionally guaranteed rights to be present and to confront adverse witnesses, we reverse and remand for new trial.

At approximately 6 p. m. on Sunday, October 6, 1974, Peter Barthelemy, the proprietor of Barthelemy Furriers in Alexandria, was summoned to his store by a police officer because it appeared that someone had tampered with the rear doorknob. Upon entering the store, he found that two of his vaults containing expensive furs had been opened, and that more than 30 furs valued at $46,600 had been removed from the larger vault.

Several days later, an eyewitness informed the police that he had observed two men carrying a large box of what appeared to be furs to an automobile parked in back of the fur store on the morning of the crime. The witness was further able to describe the car as a 1965 Ford with a Minnesota license plate bearing the numbers 4933. He also stated, although less certain, that he thought the license prefix was DD. Using this information, the police ran a license check on the number 4933 with prefixes DA through DK and came up with a 1965 Ford registered to defendant.

On November 5, 1974, the Bureau of Criminal Apprehension (BCA) placed defendant's home, located in Minneapolis, under surveillance. Two days later, November 7, a search warrant was obtained to look for tools that might have been used in forcing open the rear door of the fur store.

Defendant was not at home when the officers arrived, so the warrant was personally served on his daughter. During the course of the search, BCA Agent Wellnitz found two fur coats hanging in a closet in the master bedroom, which coats he photographed but did not seize. The officers also found several sets of pliers, the main objective of the search, and forwarded these tools to the BCA laboratory for testing.

At trial, Mr. Barthelemy was able to identify positively one of the coats that had been photographed during the search. A laboratory technician from the BCA also testified that in her opinion the striations found on the rear doorknob at Barthelemy Furriers were made by one of the pliers seized from defendant's home. Defense counsel vigorously challenged the conclusions reached by the BCA technician with independent expert testimony. Acting on the advice of his attorney, defendant did not testify. The jury found defendant guilty of both burglary with a tool and theft, and he was sentenced to an indeterminate term of 20 years' imprisonment.

We regard as the critical issue defendant's claim that his absence from a pretrial suppression hearing deprived him of his constitutionally protected right to be personally present throughout every phase of the criminal proceeding. Immediately prior to trial, the judge met with both attorneys in his chambers to consider motions by defense counsel for a continuance and a change of venue. After these motions had been denied, and evidently while defendant was still sitting in the courtroom, defense counsel moved to suppress the photographs of the fur coats on the ground that the BCA agents had exceeded the scope of their authority under the search warrant. The trial judge responded by saying that the motion to suppress would have to be considered in the courtroom but that first the prospective jurors, who had already started to arrive, would have to be excluded. Defense counsel then indicated that he had no objection to remaining in the judge's chambers for the purpose of considering the motion to suppress. With that understanding, the court then proceeded in defendant's absence to hear the arguments of counsel and oral testimony of Agent Wellnitz, who described the sequence of the search. Following the court's denial of the motion to suppress, the inculpatory photographic evidence was introduced without further objection at trial. Defendant was never advised that this suppression hearing had occurred until at the time of sentencing.

■ There can be little doubt that an accused has a constitutionally protected right to be present after his indictment at every critical stage in the criminal proceedings. *Lewis v. United States*, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); *Hopt v. Utah*, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884). Due process requires defendant "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." *Snyder v. Massachusetts*, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674, 678 (1934). In addition to having a Fourteenth Amendment right to be present, every criminal defendant has a Sixth Amendment right to confront and cross-examine adverse witnesses. *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Federal courts that have applied these principles in the specific context of suppression hearings have almost uniformly held that it is reversible error to conduct such hearings in the absence of defendant's physical presence. See, *United States v. Hurse*, 477 F.2d 31 (8 Cir.), certiorari denied, 414 U.S. 908, 94 S.Ct. 245, 38 L.Ed.2d 146 (1973); *United States v. Dalli*, 424 F.2d 45 (2 Cir.), certiorari denied, 400 U.S. 821, 91 S.Ct. 39, 27 L.Ed.2d 49 (1970); 3 Wright, Federal Practice and Procedure, § 721. Nor is the right to be present easily waived. Before a criminal proceeding can take place in the absence of the accused, it must be clear that the defendant himself is intentionally abandoning a known right. *United States v. Clark*, 475 F.2d 240 (2 Cir. 1973). Moreover, unless the accused has effectively waived his right to be present, reversal of his conviction is required unless his absence was not prejudicial beyond a reasonable doubt. *Chapman v. California*,

386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *McKissick v. United States,* 379 F.2d 754 (5 Cir. 1967).

■ Although we have not previously ruled on the specific issue of an accused's right to be present at a pretrial suppression hearing, the recognition of such a right is compelled by our prior decisions and statutes governing related matters. Minn.St. 630.01 and 631.01, which have since defendant's trial been superseded by Rule 26.03, subd. 1(1), Rules of Criminal Procedure,[1] mandate the presence of the accused at arraignment and all subsequent proceedings. In *State ex rel. Shetsky v. Utecht,* 228 Minn. 44, 36 N.W.2d 126, 6 A.L.R.2d 988 (1949), we held that a person charged with a felony is entitled to be present in person at all stages of trial from arraignment to and including the pronouncement of sentence. See, also, *State v. Kluck,* 299 Minn. 161, 217 N.W.2d 202 (1974). Most significant is the following language from *State ex rel. Rasmussen v. Tahash,* 272 Minn. 539, 554, 141 N.W.2d 3, 13 (1965), where we outlined constitutionally required pretrial procedures:

"If the defendant elects to contest the admissibility of the evidence under Federal constitutional grounds, a pretrial fact hearing on the admissibility of the evidence *will be held in open court with the defendant present* and represented or advised by counsel." (Italics supplied.)

In adherence to these fundamental precepts, we hold that defendant's absence from the pretrial suppression hearing was a violation of the due process and confrontation clauses found in both our state and Federal constitutions. As Rule 26.03, subd. 1(1), Rules of Criminal Procedure, now makes clear, a pretrial suppression hearing is an integral part of the trial to which defendant's right to be present attaches. Simply because our *Rasmussen* decision modified prior procedures for a pretrial determination of the admissibility of evidence

is no justification for distinguishing between defendant's right to be present at trial and his right to be present when prosecution witnesses testify on the issue of admissibility prior to trial. The trial court's decision in this case to admit the photographic evidence upon the sworn testimony of a prosecution witness was as binding as if made during trial.

We are also persuaded that this error was not harmless beyond a reasonable doubt, for it is impossible on this record to determine what contribution or assistance to counsel defendant could have rendered had he been present to hear the oral testimony of Agent Wellnitz. In reaching this result, we are not unmindful of the fact that defendant's absence was in all likelihood an inadvertent oversight. The record further reflects that the trial judge conducted the hearing with the utmost propriety and judicial decorum. But good intentions do not alone fulfill constitutional requirements. Before the state can seek to imprison a man for criminal conduct, the constitution requires that he be given not only a fair trial but a trial that, from a reasonably objective viewpoint, has every appearance of fairness. Since we are convinced that, despite adequate evidence supporting defendant's conviction, an affirmance upon this record cannot be justified and would also jeopardize the constitutional guarantees of other persons similarly situated, we are compelled to reverse and remand for a new trial.

■ Defendant also claims that the court violated Minn.St. 628.19 by permitting the prosecution to amend the information after trial commenced; that, contrary to Minn.St. 611.11, the court commented on defendant's right not to testify; and that he was denied effective assistance of trial counsel. Since a new trial has been ordered on other grounds, we need not address the issues raised by these claims. However, we feel compelled to comment on what appears to be a sua sponte instruction by the trial

---

1. Rule 26.03, subd. 1(1), Rules of Criminal Procedure, provides: "The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules."

judge concerning the right of defendant not to testify on his own behalf. Specifically, the trial judge made the following comment during his jury instructions:

"Now, a defendant need not under our doctrines and our rules, need not testify at the trial, and neither the Court nor the jury or anyone else is permitted to draw any inference as to the guilt or the innocence of the defendant by his failure or his refusal or by not taking the stand. The defendant does not have the burden of proving his innocence when accused of a crime, because of this presumption of innocence that I have talked to you about. The entire burden rests upon the State to prove the defendant's guilt, and unless they have done so so as to remove any reasonable doubt, then there can be no finding of guilt."

Minn.St. 611.11 expressly provides that an accused's "failure to testify shall not create any presumption against him, nor shall it be alluded to by the prosecuting attorney or by the court." On two previous occasions we have construed this statute to mean that generally no mention whatsoever should be made by the trial judge concerning the accused's failure to take the stand. *State v. Sandve,* 279 Minn. 229, 156 N.W.2d 230 (1968); *State v. Pearce,* 56 Minn. 226, 57 N.W. 652 (1894). While it is unnecessary for us to decide whether the court's erroneous comments, standing alone, would justify a reversal in the present case, we reiterate our position that trial judges should refrain from commenting on the accused's Fifth Amendment privilege unless the absence of a precautionary instruction would result in a manifest injustice.

Reversed and remanded.