We granted this petition for writ of certiorari to determine whether holding the pre-trial suppression hearing without Stout's presence was a denial of Stout's due process rights under the Alabama and United States Constitutions and, if so, whether it resulted in reversible error.
Cecil Ray Stout was convicted of theft of property in the first degree in violation of Ala. Code 1975, § 13A-8-3, and was sentenced to life imprisonment as a habitual offender.
The evidence presented by the State showed that Ms. Ethel Covington received a phone call from Stout, who identified himself as being with the FBI and stated that he was investigating Union Bank, where Ms. Covington had an account. Stout told Ms. Covington he would look into her affairs at the bank and call her back. The next day, Ms. Covington received several calls from Stout, advising her that there was a dishonest teller at her bank and seeking her assistance in apprehending the teller. Ms. Covington agreed to help and, as advised, went to the bank and withdrew $11,000.00-$5,000.00 in cash and $6,000.00 in a cashier's check. A few days later, she received another call from Stout giving her further instructions concerning the money. Around 11:00 a.m., Stout, dressed in a suit and with a badge pinned on his clothing, arrived at Ms. Covington's house as planned, and she gave him an envelope containing the $5,000 in cash. They then arranged to meet at a specific time in the bank's parking lot, where Ms. Covington was to give Stout the balance of the $11,000.00. Stout then was to go inside, deposit the money, and apprehend the teller. He would then return outside and give Ms. Covington verification of her deposit. However, Ms. Covington never saw her $11,000.00 again. She next saw Stout, in person, on the day of his trial. However, she did make an out-of-court identification of Stout when she selected his photograph from a photographic line-up prepared by the Montgomery Police Department. The trial court, in Stout's absence and over his attorney's objections, conducted a pre-trial hearing on Stout's motion to suppress the identification, based on allegations of a lack of an independent basis and a suggestive procedure in the photographic line-up.
The Court of Criminal Appeals, 547 So.2d 894 relying onMaund v. State, 361 So.2d 1144 (Ala.Crim.App. 1978), andJohnson v. State, 335 So.2d 663, 678 (Ala.Crim.App. 1976), cert. denied, 335 So.2d 678 (Ala. 1976), cert. denied,429 U.S. 1026, 97 S.Ct. 649, 50 L.Ed.2d 629 (1976), held that the trial court did not err in conducting the suppression hearing in Stout's absence and that Stout did not have a right to be present at the pre-trial suppression hearing where the police procedure used to identify him was brought into question. At the time of the suppression hearing, Stout was in the Dale County Jail and it was through no fault of his own that he was not present. *Page 903 
In Maund, supra, the appellant was not present at a pre-trial hearing on a motion to disclose the State's evidence, and the Court held that hearings on pre-trial motions "are not viewed as a critical stage of trial, and the defendant does not have a right to be present." Id. at 1148.
In Johnson, supra, the court concluded that the defendant did not have a right to be present during conferences of court and counsel on questions of law; and that the defendant did not have a right to be present at proceedings such as a hearing on a demurrer to the indictment or information, a motion to quash, a plea in abatement, a motion for leave to file an information, a motion to summon witnesses, or a motion to amend the information.
Neither Maund nor Johnson addressed the issue of the defendant's presence at an evidentiary hearing such as that in the instant case, where two prosecution witnesses, Ms. Covington and a police officer, gave sworn testimony concerning the pretrial identification of Stout. Maund and Johnson merely addressed the issue of the presence of the defendant at a hearing where arguments of law were heard and where no evidence was presented.
The right to a public trial concomitant with the right to due process and the right to confront the witnesses against oneself includes a right of the defendant and his attorney to be present at all stages of a criminal proceeding. The right to be present at one's own trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution and Article I of the Alabama Constitution. The defendant has a constitutional right to be heard on all questions of law and fact that may arise at any time during the prosecution.Peagler v. State, 110 Ala. 11, 20 So. 363 (1895). The right of a defendant to confront and cross-examine witnesses is guaranteed by Article I, § 6, of the Alabama Constitution, by Ala. Code 1975, § 12-21-137, and by the Sixth Amendment to the United States Constitution. See Hembree v. City of Birmingham,381 So.2d 664 (Ala.Crim.App. 1980).
In State v. Grey, 256 N.W.2d 74 (Minn. 1977), the court held that a pre-trial suppression hearing is an integral part of a criminal trial and that it violates the due process and confrontation clauses of the state and federal constitutions to conduct such a hearing, at which sworn testimony of prosecution witnesses is taken, in the absence of the defendant.
In addition, the court held in People v. Anderson, 16 N.Y.2d 282, 266 N.Y.S.2d 110, 213 N.E.2d 445 (1965), that the constitutional guaranty of due process requires that a defendant be allowed to be present at a suppression hearing.
Furthermore, in People v. DeLuca, 48 Misc.2d 712,265 N.Y.S.2d 668 (1965), the court held that "one accused of a crime is entitled to be present at every stage of the trial with full opportunity to defend." The court took the position that a suppression hearing clearly is a proceeding bearing upon a criminal defendant's opportunity to defend and is not a stage at which the function of counsel is merely mechanical or formal.
For the foregoing reasons, we conclude that Stout had a constitutional right to be present at the pre-trial suppression hearing, where his identification was in question. However, the question now arises whether Stout's improper exclusion constituted reversible error.
According to Rule 45, Ala.R.App.P.:
 "No judgment may be reversed or set aside . . . on the ground of . . . the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." (Emphasis added.)
Under Rule 45, Stout must not only show error, but must also demonstrate that the error was probably injurious to his substantial rights, Ainsworth v. State, 501 So.2d 1265
(Ala.Crim.App. 1986), rev'd on other grounds, 501 So.2d 1269 (Ala. 1986); Page v. State, 487 So.2d 999 (Ala.Crim.App. *Page 904 
1986); Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716 (1967); see also Webb v. State, 33 Ala. App. 520, 35 So.2d 373 (1948). This determination is to be made only after an examination of the entire record. Rosen v. Lawson, supra; Page v. State, supra. The procedure the police used to obtain the identification of Stout was conducted without his knowledge, outside of his presence, and in a manner over which he had no control. Ms. Covington's out-of-court identification of Stout was from a photographic spread that had five individual shoulder photographs of five middle-aged white males with mustaches and with medium to dark hair. Evidence was presented to show that no one identified Stout's photograph to Ms. Covington prior to her identification and that no one told her that the photographic spread contained Stout's photograph. She was simply shown the photographic line-up and asked if she could recognize and identify the one who had taken her money. From what was presented to her, Ms. Covington identified Stout. No evidence was presented to prove that Stout's presence at the suppression hearing was necessary to aid his attorney in examining the witnesses involved in this identification process, nor was there any showing of prejudice or injury to his substantial rights. In fact, had Stout been present at the pre-trial hearing, it would have reinforced Ms. Covington's ability to further identify him in court.
The Court of Criminal Appeals held that there was no evidence of suggestiveness in the procedure described above and that the pre-trial identification should not be set aside. We agree.
Pre-trial identifications are to be set aside on grounds of prejudice only if the pre-trial identification procedure is so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. Scott v. State 479 So.2d 1343, (Ala.Crim.App. 1985). The totality of the circumstances surrounding the out-of-court identification need be analyzed only when the pre-trial procedures used were unnecessarily or impermissibly suggestive. Coleman v. State, 487 So.2d 1380
(Ala.Crim.App. 1986). The fact that witnesses are shown photographs does not establish suggestiveness. Matthews v.State, 401 So.2d 241 (Ala.Crim.App. 1981), cert. denied,401 So.2d 248 (Ala. 1981). From the record before us, we conclude that there was no evidence of suggestiveness in the photographic line-up procedure whereby Ms. Covington identified Stout as the one who took her money. The out-of-court identification of Stout was not unnecessarily or impermissibly suggestive, and there was no substantial likelihood of misidentification.
We now consider Ms. Covington's in-court identification of Stout to see if such identification had a basis independent of the out-of-court photographic line-up. Ms. Covington testified that she had observed Stout in the carport and in the kitchen of her home and later in the parking lot of the bank. In addition, she testified that, based on her conversations with Stout, she believed he was the same man who telephoned her and purported to be from her bank. When an in-court identification of the accused is shown to have a basis independent of any pre-trial identification, then it is correctly received into evidence. Coleman v. State, supra; Jackson v. State,414 So.2d 1014, (Ala.Crim.App. 1982); Matthews v. State, supra. Ms. Covington's incourt identification of Stout was properly admitted into evidence, because it was based on sources independent of the pre-trial photographic spread.
Violations of some constitutional rights may be considered harmless error. United States v. McDonald, 620 F.2d 559 (5th Cir. 1980), appeal after remand, 672 F.2d 864 (11th Cir. 1982), rehearing denied, 679 F.2d 253 (11th Cir. 1982).
 "Moreover, even improper exclusion of a defendant from a 'critical' portion of the trial does not automatically require reversal, if in the particular case the defendant's absence was harmless beyond a reasonable doubt."
Polizzi v. United States, 550 F.2d 1133, 1138 (9th Cir. 1976).
 " '[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless *Page 905 
beyond a reasonable doubt.' Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705
(1967). It must appear 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained,' id. at 24, 87 S.Ct. at 828, because if 'there is a reasonable possibility that the evidence complained of might have contributed to the conviction,' id. at 23, 87 S.Ct. at 827 (quoting Fahy v. Connecticut, 375 U.S. 85, 86-87, 84 S.Ct. 229, 230-231, 11 L.Ed.2d 171
(1963)), then the error must be considered harmful."
Neelley v. State, 494 So.2d 669, 674 (Ala.Crim.App. 1985), affirmed, 494 So.2d 697 (Ala. 1986), cert. denied,480 U.S. 926, 107 S.Ct. 1389, 94 L.Ed.2d 702 (1987).
After due consideration of the record, we conclude that it appears, beyond a reasonable doubt, that the error complained of, although involving a constitutional right, did not affect the verdict obtained; that the out-of-court identification was not unnecessarily or impermissibly suggestive; that the in-court identification had a basis independent of the out-of-court identification; and that Stout received a fair trial. Berard v. State, 402 So.2d 1044 (Ala.Crim.App. 1981). We find no reversible error; therefore, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
JONES, SHORES, ADAMS and KENNEDY, JJ., concur.