651 So.2d 659 (1994)
Ex parte Charles L. BURTON.
(Re Charles L. Burton v. State.)
1930770.
Supreme Court of Alabama.
September 16, 1994.
Rehearing Denied December 9, 1994.
William J. Willingham, Talladega, Larry Morris, Alpine, for petitioner.
James H. Evans, Atty. Gen., Robin Blevins, Deputy Atty. Gen., for respondent.
PER CURIAM.
Charles L. Burton was convicted of the capital offense of intentional murder during the course of a robbery in the first degree. Section 13A-5-40(a)(2), Ala.Code 1975. The trial court accepted the jury's recommendation and sentenced Burton to death by electrocution. The Court of Criminal Appeals affirmed. Burton v. State, 651 So.2d 641 (Ala.Crim.App.1993). This Court granted Burton's petition for the writ of certiorari in order to review the judgment of the Court of Criminal Appeals affirming Burton's conviction and sentence. Rule 39(c), A.R.App.P.
*660 Burton raises 18 issues before this Court. Sixteen of these issues are the same as those argued before the Court of Criminal Appeals.
Having thoroughly and carefully read and considered the record, together with the briefs and arguments of counsel, the applicable case law, and the opinion of the Court of Criminal Appeals, we conclude that the judgment of the Court of Criminal Appeals must be affirmed. On the authority of DeBruce v. State, 651 So.2d 599 (Ala.Crim. App.1993), affirmed, Ex parte DeBruce, 651 So.2d 624 (Ala.1994), we hold that the trial court did not err in holding a hearing on pretrial motions without the defendant being present. As to the two issues raised for the first time on appeal, we conclude that there was no error. The trial court properly considered the mitigating circumstances in the context of whether they outweighed the aggravating circumstances. Morrison v. State, 500 So.2d 36 (Ala.Crim.App.1985). The trial judge did not abuse his discretion in denying Burton a new trial. Burton's motion for a new trial alleged that one juror had failed to inform the trial court during voir dire that he worked at the city jail. The trial judge held a hearing on this motion and determined that the juror in question had answered honestly during voir dire and that this juror had testified that he could render a fair and impartial verdict. Ashley v. State, 606 So.2d 187 (Ala.Crim.App.1992).
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
ALMON and SHORES, JJ., dissent.
ALMON, Justice (dissenting).
I dissent for the reasons stated in my dissent in Ex parte DeBruce, 651 So.2d 624 (Ala.1994).
SHORES, Justice (dissenting).
For the reasons expressed in Justice Almon's dissent in Ex parte DeBruce, 651 So.2d 624 (Ala.1994), I dissent; and I add the following.
The pretrial motions hearing that is the subject matter of Ex parte DeBruce and of this case was held on January 31, 1992, in the absence of both Burton and DeBruce. I submit that the trial court committed plain error when it held this hearing in their absence. The Court of Criminal Appeals held that DeBruce's absence in no way prejudiced him, because, it said, the "hearing necessitated only arguments of law." DeBruce v. State, 651 So.2d 599 (Ala.Crim.App.1993). Justice Bowen stated for the Court:
"In Harris v. State, 632 So.2d 503, 512 (Ala.Cr.App.1992), this Court held that in a capital case, `if the appellant's presence, in the present case, would have been useless to her defense and if the [pretrial] hearing was not considered to be a "critical stage" of her trial, then we can find no error in the appellant's absence from the hearing.'....
"Furthermore, although the case of Ex parte Stout, 547 So.2d 901 (Ala.1989), was a noncapital case, we find it relevant to the extent that, if error was committed in this case, that error was harmless.
"`Violations of some constitutional rights may be considered harmless error....
"`"Moreover, even improper exclusion of a defendant from a `critical' portion of the trial does not automatically require reversal, if in the particular case the defendant's absence was harmless beyond a reasonable doubt."
"`Polizzi v. United States, 550 F.2d 1133, 1128 (9th Cir.1976).'
"Stout, 547 So.2d at 904. Although this Court is extremely reluctant to make a finding of harmless error in any case in which the death penalty has been imposed, here it is clear beyond any reasonable doubt that the defendant's absence at the pretrial hearing on various legal motions in no way prejudiced him. Here as in Ex Parte King, 564 So.2d 928, 931 (Ala.1990), the `hearing necessitated only arguments of law.'"
651 So.2d at 620.
*661 In the present case, the Court of Criminal Appeals, while acknowledging that a criminal defendant has a right to be present at "critical" pretrial proceedings, held that Burton's absence at the hearing in no way prejudiced him, because the "hearing necessitated only arguments of law." Burton v. State, 651 So.2d 641, 646 (Ala.Crim.App.1993), This holding was based upon Judge Bowen's opinion in DeBruce v. State. This Court has here affirmed Burton's conviction on the authority of DeBruce v. State and Ex parte DeBruce. I disagree.
Article I, § 6, of the Alabama Constitution of 1901 provides that "in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either." The Alabama Rules of Criminal Procedure provide that a capital defendant has a right to be present at every stage of the trial:
"Rule 9.1 DEFENDANT'S RIGHT TO BE PRESENT
"(a) Right to be Present. The defendant has the right to be present at the arraignment and at every stage of the trial, including the selection of the jury, the giving of additional instructions pursuant to Rule 21, the return of the verdict, and sentencing.
"(b) Waiver of the Right to Be Present.
". . . .
"(2) A defendant may not waive the right to be present if:
(i) The defendant is charged with an offense which may be punishable by death...."
(Emphasis added.) Because Rule 9.1 provides that the defendant has the right to be present at the arraignment and at every stage of the trial, I disagree with the majority's conclusion in DeBruce that "the words `the trial' ... refer to the proceedings beginning at the time the trial commences." The rule clearly states that "[the defendant has the right to be present at the arraignment and at every stage of the trial."
Historically, this Court has interpreted the defendant's right to be present as being "without any limit, and without any exception." Ex parte Bryan, 44 Ala. 402, 404-05 (1870), states:
"The constitution of the State is a pledge of protection to the rights it secures to every citizen. This instrument requires `that in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either.' Constitution of Ala.1867, art. 1 § 8. The import of the word `prosecution' in this section of the fundamental law, is to carry on or accompany a criminal suit in the courts of the State, from the beginning to the end of the procedure. Such is the legal, as well as the etymological force of the word. Then, in every step of the proceeding, which constitutes the prosecution, in which there is any action in which the accused has a right to be heard, he has the right to be present and to be heard by himself and counsel, or either. This right is without any limit, and without any exception, when the step is not one of mere discretion in the court; such as a continuance, when the accused fails to be present, and orders of a like character. This is a constitutional provision in his favor, and cannot be disregarded by the court. The court is bound by the most solemn obligation to support and defend it."
Having so stated, this Court held in Ex parte Bryan that the trial court erred in changing the venue of a case without the presence of the accused at the hearing regarding the change.
In Neal v. State, 257 Ala. 496, 59 So.2d 797 (1952), this Court reversed a judgment in a capital case in which the judge had gone into the jury room in response to a question from the jury and there had given further jury instructions without the defendant being present. The Court stated:
"It is settled that the continuous presence of the defendant from arraignment to sentence is an essential part of the process provided for the trial of the defendant and without which the court has no jurisdiction to pronounce judgment against him."
257 Ala. at 497, 59 So.2d at 798. In Berness v. State, 263 Ala. 641, 83 So.2d 613 (1955), this Court affirmed the judgment of the Court of Appeals reversing a defendant's *662 conviction of murder in the second degree, on the grounds that the defendant had not been present when the judge went into the street outside the courtroom during a recess and instructed certain jurors that they should not talk to any of the State's witnesses. The Court stated:
"Our Alabama cases make it clear that the right of the defendant to be present when a felony verdict is returned cannot be waived, unless such waiver is made in the presence of the defendant, by his consent, or with his acquiescence. Consent or acquiescence cannot be presumed and must affirmatively appear from the record. Lee v. State, [244 Ala. 401, 13 So.2d 590] [(1943)]; Wells v. State, 147 Ala. 140, 41 So. 630 [(1906)]; Cook v. State, 60 Ala. 39, 31 Am.Rep. 31 [(1877)]. We see no reason why a less stringent rule should be applied to the defendant's `right of presence' at other stages of his trial.
"We are of the opinion that a criminal defendant in a non-capital felony case may waive his continuous presence at the trial. But that this waiver must be of an affirmative and positive nature and made by him personally, as for example where he voluntarily absents himself from the courtroom during the conduct of his trial. Our holding that such conduct constitutes an affirmative and voluntary waiver of the constitutional right, personal to the defendant, is consistent with the holding in McNutt v. State, 25 Ala.App. 129, 142 So. 773 [(1932)], certiorari denied, 225 Ala. 282, 142 So. 774 [(1932)]."
Berness v. State, 263 Ala. at 645, 83 So.2d at 617.
In Ex parte Stout, 547 So.2d 901 (Ala. 1989), this Court recognized the constitutional right of a defendant to be present at a pre-trial suppression hearing:
"The right to a public trial concomitant with the right to due process and the right to confront the witnesses against oneself includes a right of the defendant and his attorney to be present at all stages of a criminal proceeding. The right to be present at one's own trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution and Article I of the Alabama Constitution. The defendant has a constitutional right to be heard on all questions of law and fact that may arise at any time during the prosecution. Peagler v. State, 110 Ala. 11, 20 So. 363 ([1896]). The right of a defendant to confront and cross-examine witnesses is guaranteed by Article I, § 6, of the Alabama Constitution, by Ala.Code 1975, § 12-21-137, and by the Sixth Amendment to the United States Constitution. See Hembree v. City of Birmingham, 381 So.2d 664 (Ala.Crim.App.1980).
"In State v. Grey, 256 N.W.2d 74 (Minn. 1977), the court held that a pre-trial suppression hearing is an integral part of a criminal trial and that it violates the due process and confrontation clauses of the state and federal constitutions to conduct such a hearing, at which sworn testimony of prosecution witnesses is taken, in the absence of the defendant.
"In addition, the court held in People v. Anderson, 16 N.Y.2d 282, 266 N.Y.S.2d 110, 213 N.E.2d 445 (1965), that the constitutional guaranty of due process requires that a defendant be allowed to be present at a suppression hearing.
"Furthermore, in People v. DeLuca, 48 Misc.2d 712, 265 N.Y.S.2d 668 (1965), the court held that `one accused of a crime is entitled to be present at every stage of the trial with full opportunity to defend.' The court took the position that a suppression hearing clearly is a proceeding bearing upon a criminal defendant's opportunity to defend and is not a stage at which the function of counsel is merely mechanical or formal."
547 So.2d at 903.
While this Court concluded that Stout had a constitutional right to be present at the pre-trial suppression hearing, we did not reverse the judgment. The Court quoted Rule 45, A.R.App.P., which provides:
"No judgment may be reversed or set aside ... on the ground of ... the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the *663 entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
We held that Stout, who was charged with theft of property, must not only show error, but must also demonstrate that the error was probably injurious to his substantial rights. This Court in Stout found the error to be harmless, on the grounds that "[n]o evidence was presented to prove that Stout's presence at the suppression hearing was necessary to aid his attorney in examining the witnesses involved in this identification process, nor was there any showing of prejudice or injury to his substantial rights." 547 So.2d at 904.
The first aspect of Burton's case and DeBruce's case distinguishing them from Stout is that they are capital cases. It can be argued that all stages in a capital case are critical stages and that in the case of a defendant charged with a capital crime the defendant's presence at every stage of his trial is essential to the validity of his trial and conviction. The Alabama Rules of Criminal Procedure, which became effective January 1, 1991, support this. Those rules provide in Rule 9.1 that a defendant may not waive the right to be present if he or she is charged with an offense that may be punishable by death.
Finally, from the conduct of the hearing, we can infer prejudice to both defendants. Justice Almon's dissent in Ex parte DeBruce lists the various motions that were considered during the hearing and the rulings that were made. It is clear from the record that prejudice to both defendants can be inferred. Fingerprint evidence was discussed linking both Burton and DeBruce to the crime. The prosecution made known that there existed a statement by co-defendant Deon Long, who was willing to testify if the State would recommend a life sentence for him. There was also discussion about a statement from Andrea Jones to the prosecution and the fact that Barbara Spencer Long was going to testify that she was present when the codefendants returned from the robbery. The prosecutor told the attorneys that codefendant Andrea Jones had given an oral statement. Finally, at the hearing there was disclosed a videotape made by a television station and another videotape from City National Bank in Sylacauga made on the same day as the robbery and killing at the Auto Zone store.
For the reasons stated above, I respectfully dissent.