I strongly disagree with the majority in this death penalty case. Two critical facts are undisputed: 1) DeBruce was not present at the hearing on pre-trial motions; and 2) the hearing on pre-trial motions was a part of the prosecution of this case.
The majority, in its opinion, holds that DeBruce has misinterpreted the provisions of the Bill of Rights in the Federal Constitution, the Declaration of Rights in the Alabama Constitution, and the cases addressing those rights. While I would concede that DeBruce's construction of the United States Constitution's Bill of Rights does not accord with interpretations by the United States Supreme Court, I cannot agree with the majority that the Alabama Constitution of 1901 does not guarantee a criminal defendant the absolute right to be present at every phase of the prosecution against him.See, Kentucky v. Stincer, 482 U.S. 730, 107 S.Ct. 2658,96 L.Ed.2d 631 (1987).
Article I, § 6, Ala. Constitution of 1901, provides: *Page 637 
 "[I]n all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either. . . ."
In deciding that a criminal case could not be transferred without the defendant's being present when the court ordered the transfer this Court established the bounds of the constitutional protections of our "right to be present" clause.Ex parte Bryan, 44 Ala. 402 (1870). The issue in Bryan was indistinguishable from the issue in this case. This Court, in setting the scope of the protection mandated by this constitutional provision, stated:
 "The constitution of the State is a pledge of protection to the rights it secures to every citizen. This instrument requires — that in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either.' Constitution of Ala. 1867, art. 1, § 8. The import of the word 'prosecution,' in this section of the fundamental law, is to carry on or accompany a criminal suit in the courts of the State, from the beginning to the end of the procedure. Such is the legal, as well as the etymological force of the word. Then, in every step of the proceeding, which constitutes the prosecution, in which there is any action in which the accused has a right to be heard, he has the right to be present and to be heard by himself and counsel, or either. This right is without any limit, and without any exception, when the step is not one of mere discretion in the court; such as a continuance, when the accused fails to be present, and orders of a like character. This is a constitutional provision in his favor, and cannot be disregarded by the court. The court is bound by the most solemn obligation to support and defend it."
Ex parte Bryan, 44 Ala. 402, 404-05 (1870).
The majority holds that DeBruce has a right to be present at "several stages in a criminal proceeding." 651 So.2d 629. This is simply not what the Constitution of this state provides. The language of Ex parte Bryan is explicitly clear in stating that the Alabama Constitution guarantees the defendant the right to be present at "every step of the proceeding, which constitutes the prosecution," from the beginning to the end.
The majority bases its holding largely upon its lengthy analysis of Rule 9.1 of the Alabama Rules of Criminal Procedure and Rule 43 of the Federal Rules of Criminal Procedure.
Rule 9.1, Ala.R.Crim.P., provides:
 "(a) Right to Be Present. The defendant has the right to be present at the arraignment and at every stage of the trial, including the selection of the jury, the giving of additional instructions pursuant to Rule 21, the return of the verdict, and sentencing."
The majority construes this rule to say that DeBruce did not have a right to be present at the pre-trial hearing. The majority justifies its limitation of DeBruce's constitutional right by stating that Rule 9.1 guarantees a defendant only the right to be present at "arraignment" and at "the trial," but not at pre-trial proceedings. The majority reaches this conclusion after reviewing the federal cases interpreting Rule 43 and the language of, and comment to, Rule 713 of the Uniform Rules of Criminal Procedure. This reasoning is flawed, however, because the rules are derived from different constitutions and different constitutional provisions.
The federal cases all address Rule 43 of the Federal Rules of Criminal Procedure, which, although very similar in wording to Rule 9.1, is predicated upon a right entirely different from the right on which Rule 9.1 is predicated. The comment to Rule 9.1, which the majority quotes at length, clearly states that a defendant has the right to be "present at all stages of the criminal prosecution at which a defendant has a right to be heard." The comment cites the Sixth Amendment to the United States Constitution; Article I, § 6 of the Alabama Constitution; and Ex parte Bryan, supra, for this proposition.
The problem with the majority's reliance on the federal cases is that the protections afforded by the Alabama Constitution are different from the protections afforded by the Sixth Amendment to the United States Constitution. The Sixth Amendment right to be present at certain stages of a criminal *Page 638 
proceeding is derived from the Confrontation Clause.Kentucky v. Stincer, 482 U.S. 730, 107 S.Ct. 2658,96 L.Ed.2d 631 (1987). As the United States Supreme Court emphatically stated, the "primary interest secured by [the Confrontation Clause] is the right of cross-examination." Stincer,482 U.S. at 736, 107 S.Ct. at 2662 (quoting Douglas v. Alabama,380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965)). The Court inStincer further stated, "The right to cross-examination, protected by the Confrontation Clause, thus is essentially a 'functional' right designed to promote reliability in the truth-finding functions of a criminal trial." 482 U.S. at 737,107 S.Ct. at 2663. Justice Blackmun went on to state, in footnote nine of the Court's opinion, that the United States Supreme Court sometimes referred to the confrontation right as a "trial right."
All of the federal cases cited by the majority address the defendant's right under Rule 43, Fed.R.Crim.P., to be present. These cases should not be considered instructive on the issue of the nature of the right encompassed in the Alabama Constitution and in Rule 9.1. The right to confront is a right that is independent of the right to be present. Indeed, if this were not true then the Alabama Constitution would not provide for a right of confrontation in Article I, § 6, in addition to the right to be present guaranteed by that section.
The mere fact that this Court adopted a rule of criminal procedure with language similar to that of a federal rule of criminal procedure does not change the constitutional protections guaranteed by the Alabama Constitution. In adopting a rule of procedure, this Court cannot convert the protections of the Alabama Constitution into something less.
Former Governor Albert Brewer and Professor Cole correctly wrote in the introduction to their definitive treatise on Alabama constitutional law:
 "One should recognize that the office of state constitutions is quite different from the sphere of influence of the Federal Constitution. The Federal Constitution establishes a government of enumerated powers, with such being supplemented by implied powers. The state governments are quite the opposite in that such are governments of general powers. Thus, one could properly view one of the primary purposes of a state constitution as placing limitations upon the broad inherent powers of the state government.
 "One must also recognize that a state constitution may be used to offer more protection of individual rights than the Federal Constitution, when the state constitution is the document being used as a basis for the decision, or to recognize individual rights as fundamental when the Federal Constitution is not interpreted to protect such."
Albert P. Brewer Charles D. Cole, Alabama Constitutional Law
iii (Samford University Press 1992).
The majority holds that Rule 9.1 does not guarantee a criminal defendant the right to be present, by analogizing to Rule 43 of the Federal Rules of Criminal Procedure. This analogy is flawed, because it disregards a principle of law that has existed in this state since statehood. The first constitution of this state, the Alabama Constitution of 1819, provided in Article I, § 10: "In all criminal prosecutions, the accused has a right to be heard by himself and counsel." The Alabama Constitution of 1865, in Article I, § 7, stated: "That in all criminal prosecutions, the accused has a right to be heard by himself and counsel." The Alabama Constitution of 1867 provided, in Article I, § 8, the same protections and added the phrase "or either" to the clause. The Alabama Constitution of 1875 provided identical protections in Article I, § 7, as does the present Alabama Constitution in Article I, § 6.
Thus from statehood it has been the constitutional right of a criminal defendant to be present in all criminal prosecutions. The term "prosecution" was explicitly defined by this Court in 1870 to mean all stages of the criminal procedure, from the beginning to the end. Ex parte Bryan,supra.
The majority asserts that the word "trial" in Rule 9.1 should be read in pari materia with Rule 19, "Trial." This again ignores the Alabama Constitution, which gives the accused *Page 639 
the right to be heard "in all criminal prosecutions."
The majority fails to even discuss an Alabama case that in some respects bolsters the majority's argument on the issue of whether the defendant should have to prove prejudice. In Exparte Stout, 547 So.2d 901 (Ala. 1989), this Court reiterated:
 "The right to a public trial concomitant with the right to due process and the right to confront the witnesses against oneself includes a right of the defendant and his attorney to be present at all stages of a criminal proceeding. The right to be present at one's own trial is a fundamental right guaranteed by the Sixth Amendment of the United States Constitution and Article I of the Alabama Constitution. The defendant has a constitutional right to be heard on all questions of law and fact that may arise at any time during the prosecution. Peagler v. State, 110 Ala. 11, 20 So. 363 ([1896]). The right of a defendant to confront and cross-examine witnesses is guaranteed by Article I, § 6, of the Alabama Constitution, by Ala. Code 1975, § 12-21-137, and by the Sixth Amendment to the United States Constitution. See Hembree v. City of Birmingham, 381 So.2d 664
(Ala.Crim.App. 1980).
 "In State v. Grey, 256 N.W.2d 74 (Minn. 1977), the court held that a pre-trial suppression hearing is an integral part of a criminal trial and that it violates the due process and confrontation clauses of the state and federal constitutions to conduct such a hearing, at which sworn testimony of prosecution witnesses is taken, in the absence of the defendant.
"In addition, the court held in People v. Anderson,16 N.Y.2d 282, 266 N.Y.S.2d 110, 213 N.E.2d 445
(1965), that the constitutional guaranty of due process requires that a defendant be allowed to be present at a suppression hearing.
"Furthermore, in People v. DeLuca, 48 Misc.2d 712,265 N.Y.S.2d 668 (1965), the court held that 'one accused of a crime is entitled to be present at every stage of the trial with full opportunity to defend.' The court took the position that a suppression hearing clearly is a proceeding bearing upon a criminal defendant's opportunity to defend and is not a stage at which the function of counsel is merely mechanical or formal.
 "For the foregoing reasons, we conclude that Stout had a constitutional right to be present at the pre-trial suppression hearing, where his identification was in question."
547 So.2d at 903.
The majority, relying on Rule 45, Ala.R.App.P., states that even if DeBruce had the right to be present, he nevertheless is required to show prejudicial error in order to warrant a reversal. This Court's opinion in Ex parte Stout so held. I do not agree with that portion of the Stout holding. For the reasons I disagree with requiring a defendant to show prejudice, see Justice Jones's dissent, which I joined, in ExParte Hammond, 510 So.2d 153 (Ala. 1987). The argument that a defendant must show prejudice must also fail under the Constitution of this state and the case law of this Court. Exparte Bryan, supra, emphatically stated:
 "This right is without any limit, and without any exception, when the step is not one of mere discretion in the court; such as a continuance, when the accused fails to be present, and orders of a like character. This is a constitutional provision in his favor, and cannot be disregarded by the court. The court is bound by the most solemn obligation to support and defend it."
44 Ala. at 405.
Even if the requirement that a defendant show prejudicial error is the appropriate standard, it can hardly be said that DeBruce was not prejudiced by not being allowed to be present at the hearing on pre-trial motions. In its opinion the Court of Criminal Appeals points out that at the pre-trial hearing the following motions were considered, with several rulings being given:
 "1) motion for ballistics testing and for fingerprinting; 2) motion to proceed in forma pauperis ('for purposes other than payment of counsel,' R.9); 3) motion for psychological evaluation; 4) motion to prohibit death-qualification of prospective jurors *Page 640 
or for separate juries for the guilt and, if necessary, the sentence phases of the trial; 5) motion for witness list; 6) motion in limine (to prohibit comment on possibility that the appellant could be released at some time in the future if found guilty of a lesser included offense); 7) motion for discovery of impeaching testimony; 8) motion to suppress; 9) motion for aggravating and mitigating circumstances; 10) motion for individual voir dire and sequestration of the jury; 11) motion for discovery; 12) motion for examination of exhibits; 13) motion for complete recordation and for daily transcripts during the trial; 14) motion for production of negatives; 15) motion to exclude or to substitute gruesome photographs; 16) motion to require disclosure of any and all information concerning prospective jurors which may be favorable to the defense; 17) amended motion to suppress; 18) motion for grand jury transcript; 19) motion to dismiss the indictment on account of discrimination in the selection of the grand jury foreperson and motion for discovery of grand jury foreperson data; 20) motion to disqualify all potential jurors that knew or were acquainted with the victim or his family; 21) motion for introductory instructions, for an order requiring submission of proposed jury instructions when trial begins and a copy of the charges to be provided to each juror; 22) motion to preclude the death penalty on the grounds of racial discrimination and for discovery; 23) motion to bar the death penalty as cruel, unusual, and degrading punishment; 24) motion to prohibit the district attorney from exercising discriminatory peremptory challenges and for discovery; 25) motion to invoke the rule prior to voir dire; 26) motion to sequester jurors prior to and during the trial of this case; and 27) motion and trial memorandum of points and authorities in support of all motions, objections, exceptions, requests, and other applications and issues of any nature whatsoever."
651 So.2d at 619. (Footnotes omitted.)
After listing these motions, the Court of Criminal Appeals added:
 "After discussing these motions filed by the appellant, the trial court had a brief discussion with defense counsel for codefendant Charles Burton concerning motions he had filed. R.58-64."
I also disagree with the majority's conclusion that DeBruce was not prejudiced.
Furthermore, even if the issues discussed at the pre-trial hearing were exclusively matters of law, as Judge Bowen held for the Court of Criminal Appeals, DeBruce had a "constitutional right to be heard on all questions of law and fact that may arise at any time during the prosecution." Exparte Stout, 547 So.2d at 903 (citing Peagler v. State,110 Ala. 11, 20 So. 363 (1896)). The distinction between matters of law and matters of fact is immaterial under the decisions of this Court.
The majority states:
 "Although this Court, by a rule of court, cannot change the substantive law of this State and cannot take away from an accused a basic constitutional right that he or she might have, this Court can adopt rules of procedure to govern the proceedings in a criminal case, so long as those rules guarantee substantive procedural due process of law and do not infringe upon a right granted an accused by the State or Federal Constitution, or other provisions of substantive law."
651 So.2d at 631. (Emphasis added.)
In my view, the majority's construction of Rule 9.1 does "take away from an accused a basic constitutional right." If this Court intends to change the Constitution of this state and to overrule a precedent of this Court that has been in existence for more than 120 years, it should at least do so openly and without relying upon inapplicable federal law.
I dissent.
SHORES, J., concurs. *Page 641