I do not agree with the majority's conclusions concerning whether the appellant had established a prima facie case of discrimination under Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Whether or not a prima facie case of discrimination was established in this case was moot. The trial court, at the remand hearing, allowed the prosecution to state its reasons for striking certain veniremembers. As this court has previously stated:
 " 'Once the prosecution responds to a Batson motion and offers race-neutral explanations for its peremptory challenges, the issue of whether a prima facie showing of intentional discrimination was made by the appellant becomes moot. Hernandez v. New York, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395
(1991). This court has also concluded that where the trial court has made no express finding of a prima facie case of intentional discrimination, but the prosecution nonetheless explains its peremptory challenges, then such a finding will be implied and we will proceed directly to the evaluation of the prosecutor's explanations. Williams v. State, 548 So.2d 501 (Ala.Crim.App. 1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989); Currin v. State, 535 So.2d 221 (Ala.Cr.App.), cert. denied, 535 So.2d 225 (Ala. 1988).'
 "Hart v. State, 612 So.2d [520] at 523-24 [(Ala.Cr.App. 1992)]. Therefore, this court will not consider the question of whether defense counsel established a prima facie case of discrimination. We will proceed directly to review the reasons given by the prosecutor. Hart." *Page 502 
Burton v. State, 651 So.2d 641, 648 (Ala.Cr.App. 1993), aff'd,651 So.2d 659 (Ala. 1994).
The majority correctly states that there was disparate treatment by the state for striking prospective jurors in this case. However, I see no reason to remand this case again for the court to hear all of the reasons given by the state. When the reason for one strike is determined not to be race-neutral then Batson has been violated and the judgment should be reversed. As this court stated in Freeman v. State,651 So.2d 576, 597 (Ala.Cr.App. 1994), "[i]t is well settled that 'a single instance of purposeful racial discrimination in the use of peremptory strikes does violate Batson,' Ex parte Carter, 627 So.2d [1030] 1032 [(Ala. 1993)]." The judgment in this case should be reversed under the authority mandated by the United States Supreme Court in Batson.