I concur in the majority opinion as it is written. I concur specially merely to address Justice Almon's dissent.
There are two provisions in Article I, § 6, Constitution of Alabama of 1901, that should not be confused:
 1. "That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either. . . ."
 2. "That in all criminal prosecutions, the accused has a right . . . to be confronted by the witnesses against him. . . ."
In my opinion, the issue in this case involves only this first provision. *Page 636 
Ex parte Bryan, 44 Ala. 402 (1870), involved this first provision.[6] In Ex parte Bryan, the trial court changed the venue of a trial from Elmore County to Montgomery County "when said Bryan was absent from said circuit court, and was neither present to be heard by himself and counsel, or either."44 Ala. at 404. "The petitioner allege[d] that said order was made, when neither petitioner nor his counsel was personally present." 44 Ala. at 403. This is why this Court wrote:
 "Then in every step of the proceeding, which constitutes the prosecution, in which there is any action in which the accused has a right to be heard, he has the right to be present and to be heard by himself and counsel, or either."
44 Ala. at 404-05.
Bryan had no attorney present when the trial court considered the motion for change of venue. In the present case, DeBruce had two privately retained attorneys present at all times when pretrial matters were considered. These attorneys did not request that DeBruce be present.
In my opinion, Rule 9.1, Ala.R.Crim.P., relates to the first constitutional provision set out above and sets out when a defendant, as opposed to an attorney for the defendant, must be present. This is "at the arraignment" and "at every stage of the trial." It is disingenuous to argue that "trial" in Rule 9.1 means the same as "criminal prosecution" in § 6 of the Constitution. The "arraignment" is clearly part of a "criminal prosecution" and it would be redundant to list "arraignment" in Rule 9.1 if the word "trial" encompassed all that the phrase "criminal prosecution" encompasses. "[C]riminal prosecution" is much broader than "trial." See Black's LawDictionary, 374, 1504 (6th ed. 1991).
Ex parte Stout, 547 So.2d 901 (Ala. 1989), involved the second provision contained in § 6. The trial court held a pretrial hearing on Stout's motion to suppress the victim's pretrial identification of Stout, in Stout's absence and over the objection of Stout's attorney. Two witnesses gave sworn testimony concerning the pretrial identification of Stout; therefore, under the constitutional right that he had "to be confronted by the witnesses against him," Stout had a right to be present at that hearing on his motion to suppress. (The present case does not involve the second constitutional provision; therefore, it is not necessary to discuss harmless error. See 547 So.2d at 904-05, for a discussion of when a denial of a defendant's confrontation of witnesses may be harmless error in a noncapital case.)
[6] Ex parte Bryan involved Article I, § 8, Constitution of Alabama of 1867. This is the same provision as Article I, § 6, in the Constitution of Alabama of 1901. An equal protection provision was first added to an Alabama Constitution by the Constitutional Convention of 1868. The equal protection provision was § 2 in the 1868 Constitution, and §§ 4 and 5 of Article I of that Constitution dealt with religious freedoms. The Constitutional Convention of 1875 combined what had been §§ 4 and 5 of the 1868 Constitution into § 4; and the Constitutional Convention in 1901 purposefully and specifically deleted the equal protection provision from the Constitution of 1901. Therefore, what was § 8 in the 1868 Constitution became § 6 in the 1901 Constitution.