No. 77–1339. ROBINSON *v.* CITY OF BIRMINGHAM. Ct. Crim. App. Ala. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted of two separate offenses of knowingly and unlawfully exhibiting an allegedly obscene motion

---

picture film under Birmingham City Ordinance No. 67–2, § 3. He was sentenced to pay a fine of $300 and perform hard labor for the city of Birmingham for 180 days on the first conviction and to pay a fine of $150 and perform hard labor for 90 days on the second. Prior to each trial, petitioner moved to suppress the film involved on the ground that the warrant for the seizure of the film was improper in that the magistrate who issued the warrant had not first viewed the film to ensure that there was probable cause to believe the film was obscene. In each case the motion to suppress was denied and these rulings were affirmed on appeal.

Birmingham City Ordinance No. 67–2, § 3, under which petitioner was convicted, provides:

> "It shall be unlawful for any person to knowingly publish, print, exhibit, distribute or have in his possession with intent to distribute, exhibit, sell or offer for sale, in the city or the police jurisdiction thereof, any obscene matter." Brief in Opposition 3.

Birmingham City Ordinance No. 74–18, which authorizes the issuance of warrants to seize allegedly obscene material, provides:

> "Section 1. The following words and terms, shall when used in this ordinance, have the following respective meanings:
>
> "A. *'Obscene Motion Picture':* A motion picture which to the average person, applying contemporary community standards, the predominant appeal of which motion picture taken as a whole is to prurient interest, that is, a shameful or morbid interest in sexual conduct, nudity or excretion, and depicts or describes in a patently offensive manner sexual conduct, which motion picture taken as a whole lacks serious literary, artistic, political or scientific value.

· · · · ·

"Section 2. Search warrants for the seizure as evidence of motion picture films alleged to be obscene as defined herein and to have been exhibited publicly in the City . . . in violation of Ordinance Number 67–2 . . . may be issued by a Recorder or by a Magistrate as hereinafter provided in this ordinance.

"Section 3. Any police officer of the City or other individual who shall accuse any person of publicly exhibiting in the City . . . an obscene motion picture film in violation of said Ordinance Number 67–2 . . . may appear before a Recorder or Magistrate and testify under oath to the facts upon which he bases such accusation . . . .

"Section 4. If such Recorder or Magistrate determines from said affidavit or affidavits . . . that there is probable cause to believe such motion picture film is obscene, he shall proceed to issue a search warrant for the seizure of said motion picture film and a warrant for the arrest of the person or persons accused of publicly exhibiting the same in the City . . . in violation of said Ordinance Number 67–2 . . . ." App. to Pet. for Cert. A. 18–A. 20.

As the text of Birmingham's ordinances suggests, Birmingham has attempted to declare obscene all material that it could constitutionally declare obscene under this Court's guidelines in *Miller* v. *California,* 413 U. S. 15 (1973). See 353 So. 2d 528, 533 (Ala. Crim. App.), cert. denied, 353 So. 2d 534 (Ala. 1977). Birmingham has, moreover, allowed warrants to issue for the seizure of allegedly obscene motion pictures on a showing of probable cause to believe a film is obscene under the *Miller* standards.

In this Court and in the courts below, petitioner has contended that Ordinance No. 74–18 is unconstitutional because it allows a warrant to issue under the authority of a judicial officer who has not personally seen the allegedly obscene motion picture. This argument is not insubstantial, but I need not address it since I continue to adhere to my view that

"at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (dissenting opinion). Under this test, Birmingham Ordinance No. 67–2 is unconstitutionally overbroad and invalid on its face. See *Miller* v. *Califorma, supra,* at 47 (BRENNAN, J., dissenting). Similarly, Birmingham Ordinance No. 74–18 is also invalid in that it allows the seizure of a film on a showing that cannot, under my view of the First and Fourteenth Amendments, constitute probable cause to believe a crime has been committed. For these reasons, I would grant certiorari and summarily reverse petitioner's convictions.