After Remand from the Alabama Supreme Court
In November 2005, this court affirmed a judgment of the Mobile Circuit Court denying the claims that Shirley Squires and Ronald Squires ("the Squireses") had asserted *Page 667 
against the City of Saraland ("the City"). Squires v. Cityof Saraland, 960 So.2d 651 (Ala.Civ.App. 2005) ("SquiresI"). Among other things, the main opinion of this court inSquires I stated that one of the issues raised by the Squireses — whether the City's zoning ordinance was unconstitutionally applied to the Squireses — was procedurally barred because the Squireses had failed to serve the attorney general with a copy of their complaint pursuant to § 6-6-227, Ala. Code 1975. 960 So.2d at 655. We thus did not reach "the issue whether the City is guilty of discriminatory selective enforcement under principles recognized in cases such as Hunt v. State, 642 So.2d 999, 1003-04
(Ala.Crim.App. 1993), aff'd, 642 So.2d 1060 (Ala. 1994), andS.H. v. State, 868 So.2d 1110, 1118 (Ala.Civ.App. 2003) (plurality opinion)." Squires I, 960 So.2d at 660. The Alabama Supreme Court granted certiorari review as to that conclusion only, reversed the judgment of this court, and remanded the cause to this court "for further review consistent with [that court's] opinion." Ex parte Squires,960 So.2d 661, 666 (Ala. 2006) ("Squires II"). In compliance with the Supreme Court's mandate in Squires II, we now consider the merits of the sole issue not addressed inSquires I.
The Squireses contend on appeal that the judgment in favor of the City should be reversed because, they say, the City has not consistently enforced the requirement that a special exception be obtained before a "day care center" or other potentially suitable home business may begin operation in an R-1 district. In doing so, the Squireses have explicitly invoked the federal constitutional guarantee[1] of equal protection of the laws as the basis of their claim that the zoning ordinance cannot lawfully be applied to them.
As the citation in the main opinion in Squires I ofHunt v. State would indicate, the Squireses' argument as to selective enforcement ventures into an area of constitutional law that is more commonly examined in criminal cases. Hunt summarizes the applicable basic legal principles:
 "In 1886 the principle that equal protection of the law is denied when a law is arbitrarily enforced was applied in the United States Supreme Court case of Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). This principle was reaffirmed by the United States Supreme Court in Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944) and Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).
 ". . . .
 "In the case of Associated Industries of Alabama, Inc. v. State, 55 Ala.App. 277, 314 So.2d 879, cert. denied, 294 Ala. 281, 314 So.2d 901
(1975), the Alabama Court of Criminal Appeals adopted the holding in United States v. Steele, 461 F.2d 1148 (9th Cir.1972), and held that, initially, the party relying on the defense of discriminatory enforcement must first make a showing that a `strong inference of discriminatory prosecution exists.' Once this showing has been made, it is up to the prosecuting agency to show that the `selection process actually rested upon some valid ground.' Associated Industries, [55 Ala.App. at 289,] 314 So.2d at 890, quoting Steele, 461 F.2d at 1152. *Page 668 
 "To establish that a `strong inference of discriminatory prosecution exists' the party alleging such discrimination must show (1) selectivity in enforcement, (2) intentional selectivity, and (3) selectivity based on an unjustifiable standard. Elmore v. State, 445 So.2d 943
(Ala.Crim.App. 1983); Coble v. City of Birmingham, 389 So.2d 527, 533 (Ala.Crim.App.), cert. denied, 389 So.2d 535 (Ala. 1980); Starley v. City of Birmingham, 377 So.2d 1131
(Ala.Crim.App.), cert. denied, 377 So.2d 1134
(Ala. 1979), cert. denied, 446 U.S. 956, 100 S.Ct. 2929, 64 L.Ed.2d 815 (1980). The party alleging discriminatory prosecution bears the burden of proof in establishing the claim. Robinson v. City of Birmingham, 353 So.2d 528 (Ala.Crim.App.), cert. denied, 353 So.2d 534 (Ala. 1977), cert. denied, 436 U.S. 932, 98 S.Ct. 2833, 56 L.Ed.2d 777 (1978). See also Annot., What Constitutes Such Discriminatory Prosecution or Enforcement of Laws as to Provide Valid Defense in State Criminal Proceedings, 95 A.L.R.3d 280 (1979); Annot., Preconviction Procedure for Raising Contention that Enforcement of Penal Statute or Law is Unconstitutionally Discriminatory, 4 A.L.R.3d 404 (1965); 21A Am.Jur.2d § 831 and cases cited therein."
Hunt, 642 So.2d 999, 1003-04. However, a noted treatise in the field of municipal planning, one cited in the main opinion in Squires I, does address the scope of the doctrine of selective enforcement in the specific context of zoning law:
 "It is not a defense to a prosecution or a proceeding to enjoin a violation of an ordinance that a municipality has failed to enforce the ordinance against other persons violating it. A conscious exercise of some selectivity in enforcement of a zoning ordinance, based upon a rational exercise of police power or prosecutorial discretion, or even arising as a result of a mere laxity in enforcement, has been held not to establish a violation of constitutional rights under the equal protection clause of the U.S. Constitution. There must be a consciously practiced pattern of discrimination. But, an intentional or deliberate decision by public officials acting as agents of a state not to enforce penal regulations against a class of violators expressly included within the terms of those penal regulations does constitute a denial of the constitutional guarantee of equal protection of the laws."
4 Edward H. Ziegler, Jr., et al., Rathkopf's Law of Zoningand Planning § 65.37 (4th ed.2004).
In this case, although the City's building inspector testified that, to his knowledge, approximately 160 other business (including two day-care businesses) had operated in locations in the City in which, according to the zoning ordinance, a special exception should have been necessary, the chairman of the City's Board of Adjustment ("the Board"), who had been a member of the Board for 15 years at the time of trial, testified that the Board had, in fact, considered and acted upon special-exception petitions in the past, including the period before the building inspector was hired. There was also evidence adduced indicating that the City had strictly enforced the special-exception provisions of the ordinance after having become aware that its building inspector, in its view, had not been properly interpreting those provisions. Finally, the building inspector himself conceded that the Squireses' situation was the first case in which he had received complaints from members of the public regarding a business as to which a special exception was required under the applicable zoning ordinance. *Page 669 
The main opinion in Squires I noted that a presumption is indulged, in cases in which evidence is presented to the trial court ore tenus, that the trial court's findings of fact and its judgment based upon those findings are correct. On this record, and applying that presumption, we hold that the trial court could properly have concluded that public outcry against the day-care business operated on the Squireses' property, not an intentionally practiced pattern of discrimination on the part of the City, was responsible for the City's decision to strictly enforce its zoning ordinance, both in the Squireses' case and prospectively. As the United States Court of Appeals for the Fifth Circuit aptly noted in Bryanv. City of Madison, 213 F.3d 267, 277 (5th Cir.2000), "in a democratic republic, responding to the voice of the public is expected and is not, standing alone, a malevolent motive for selective enforcement purposes."
AFFIRMED.
CRAWLEY, P.J., and THOMPSON, J., concur.
MURDOCK and BRYAN, JJ., concur in the result, without writing.
[1] There is, in actuality, no guarantee of equal protection enumerated in the Alabama Constitution of 1901, a fact that was recognized in Ex parte Melof, 735 So.2d 1172, 1205
(Ala. 1999).